■ METROPOLITAN STEEL INDUSTRIES, INC., Appellant, v TULLY CONSTRUCTION CO., INC., Respondent, et al., Respondents. TULLY CONSTRUCTION CO., INC., Third-Party Plaintiff-Respondent, v CITY OF NEW YORK, Third-Party Defendant-Respondent. [865 NYS2d 90]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered March 20, 2008, which, in an action for delay damages by a subcontractor against the project's general contractor, and a third-party action by the general contractor against the site owner for its own delay damages and for indemnification of plaintiff's claims as well of the claims of "other subcontractors . . . [which] have demanded or will demand damages by reason of delays," denied plaintiff's motion to vacate a prior order staying the action pending completion of the project, unanimously reversed, on the facts, without costs, the motion granted and the stay vacated.

The stay was imposed because, in the view of Supreme Court, significant judicial economies, including, in particular, the prospect of "mediation," would be served by awaiting completion of the project and receipt of any and all claims by the other subcontractors, and then hearing and considering all of the claims together. While the general contractor and owner argue that completion of the project is necessary to determine the impact of all of the delays, neither show how the alleged errors and oversights in the foundation work, which allegedly caused the delay in plaintiff's steel erection work, in turn caused, in domino-like fashion, the cumulative delays in the project that have continually pushed its anticipated completion date back. Absent a showing that any delay damages likely to be claimed by the other subcontractors will be based on the same foundation problems alleged by plaintiff as the cause of its delay dam-

ages, it does not appear sufficiently likely that any significant judicial economies will be served by considering all of the subcontractors' claims for delay damages together (*cf. Schneider v Freres & Co.*, 159 AD2d 291, 293-294 [1990] [stay imposed pending final determination of another action because other action "raises numerous possibilities for the application of collateral estoppel"]; *Belopolsky v Renew Data Corp.*, 41 AD3d 322 [2007]). The owner's request for a severance of the third-party action and stay of all proceedings therein, in the event this Court vacates the stay of the main action, is improperly made for the first time on appeal, and we decline to consider it. Concur—Friedman, J.P., Nardelli, Williams and Freedman, JJ.