(May 26, 2009)

■ NAMA HOLDINGS, LLC, for Itself and Derivatively on Behalf of ALLIANCE NETWORK, LLC and Others, Respondent, v GREENBERG TRAURIG, LLP, et al., Appellants. [880 NYS2d 34]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered November 20, 2008, which denied defendants' motion to dismiss the complaint or stay the action pending arbitration, unanimously modified, on the facts, to stay the action pending the arbitral determination, and otherwise affirmed, without costs.

Plaintiff, a member of Alliance Network, LLC (a limited liability company), had standing to bring this derivative action alleging that the law firm and one of its partners representing the LLC and its managers in other litigation had a conflict of interest as a result of the managers' involvement and the partner's hidden financial interest in a competing project. The motion court correctly discerned the plain meaning of the company's operating agreement and the unambiguous governing Nevada statute (Nev Rev Stat Ann § 86.483), in finding that plaintiff was not prohibited from bringing derivative claims (*see Jones v Bill*, 10 NY3d 550, 555 [2008]) and that resort to legislative history was unnecessary.

Plaintiff NAMA may also assert an individual claim against defendants as the attorneys for the LLC, because plaintiff has alleged, inter alia, that these defendants colluded with the managers of the LLC to drive NAMA from the underlying project (*see Aranki v Goldman & Assoc., LLP*, 34 AD3d 510, 511-512 [2006]; *cf. Berkowitz v Fischbein, Badillo, Wagner & Harding*, 7 AD3d 385, 387 [2004], *lv dismissed* 3 NY3d 767 [2004]).

The arbitration ruling denying disqualification of the attorneys at a preliminary stage of that proceeding does not preclude the disqualification claim. The doctrine of res judicata does not apply, absent a final adjudication on the merits (*see*

*Clearwater Realty Co. v Hernandez*, 256 AD2d 100, 101 [1998]). Nor does the doctrine of collateral estoppel conclusively bar plaintiff's claim, because the scope of the arbitral ruling is not entirely clear (*see Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]). Moreover, the issue in this action is particularly fact-laden and its resolution should await further factual development. We note, however, that the burden is on plaintiff, as the opponent of collateral estoppel, to demonstrate the absence of a full and fair opportunity to be heard in the arbitration (*id.*), and plaintiff failed to carry this burden. The allegations regarding defendants' obstruction of discovery also are not precluded because the claim in this action is not to obtain discovery, but to show how the attorneys allegedly committed misconduct in obstructing it.

However, the court should have granted a stay pursuant to CPLR 2201 in the interest of judicial economy. There are overlapping issues and common questions of fact, and the hearings in the arbitration, that began a year before the commencement of this action, are nearly complete (*see Belopolsky v Renew Data Corp.*, 41 AD3d 322 [2007]; *cf. American Intl. Group, Inc. v Greenberg*, 60 AD3d 483 [2009] [finding that resolution of related action would not dispose of or significantly limit issues before this Court or pose risk of inconsistent rulings]; *Metropolitan Steel Indus., Inc. v Tully Constr. Co., Inc.*, 55 AD3d 363, 364 [2008] [finding it unlikely that significant judicial economies would be served]). Concur—Gonzalez, P.J., Mazzarelli, Saxe, Moskowitz and Richter, JJ.