■ NAMA Holdings, LLC, Respondent, v Greenberg Trau-
rig, LLP, et al., Defendants, and Shawn Samson et al., Appel-
lants. [939 NYS2d 53]—

We start with the necessary observation that defendants'
arguments are, in the main, frivolous. " 'An appellate court's
resolution of an issue on a prior appeal constitutes the law of
the case and is binding on the Supreme Court, as well as the ap-
pellate court . . . [and] operates to foreclose re-examination of
[the] question absent a showing of subsequent evidence or
change of law' " (Kenney v City of New York, 74 AD3d 630, 630-
631 [2010] [citations omitted]). In our order entered September
7, 2010, we held "that the determinations of the arbitration
support, more than preclude, the plaintiffs' claims here" (76
AD3d 804, 805 [2010]). In that order, we also agreed with the
California District Court that defendants were engaged in "bad
faith and procedural gamesmanship" designed to frustrate
plaintiff's attempts to hold them accountable in any forum (id.).
There has not been a showing of subsequently developed evi-
dence or a change in law since we made such pronouncements
to warrant a reexamination of the preclusion question.

Defendants contend that the arbitration award precludes this
action against them. However, the award specifically stated that
it was "not intended to adjudicate or settle any claims of the
parties not subject to this panel's jurisdiction and being pursued
in another forum, or any claims by or against entities or persons
who are not parties to this arbitration." That provision of the
arbitration award was not mere verbiage, as the arbitrators
were personally aware of the dismissal of defendants from the
arbitration, and of the related litigation which had been brought
against them.

The motion court correctly rejected defendants' argument
that the second amended complaint was barred on the ground
that plaintiff is unfit to derivatively represent Alliance Network,
LLC and its other members. The motion court correctly cited to
our order entered May 26, 2009, in which we previously ruled
that plaintiff had standing to bring this derivative action (62
AD3d 578 [2009]).

We have reviewed defendants' remaining contentions and find

them unavailing. Concur—Mazzarelli, J.P., Andrias, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ.