■ GEORGE VIEYRA, Individually and on Behalf of All Others Similarly Situated, Appellant, v PENN TOYOTA, LTD., et al., Respondents. [983 NYS2d 437]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Mahon, J.), dated May 22, 2012, which denied his motion, inter alia, for leave to renew his opposition to those branches of the defendants' separate motions which were to compel arbitration, which had been granted in a prior order of the same court dated October 27, 2011, (2) an order of the same court, dated June 29, 2012, which granted the defendants' cross motions pursuant to CPLR 7504 and 9 USC § 5 to appoint a substitute arbitrator, and (3) an order of the same court, dated July 30, 2012, which amended the order dated June 29, 2012, by appointing a different substitute arbitrator.

Ordered that the orders are affirmed, with one bill of costs.

In January 2007, the plaintiff entered into an automobile lease with the defendant Penn Toyota, Ltd. (hereinafter Penn). The lease was subsequently assigned by Penn to the defendant Hann Financial Services Corporation (hereinafter Hann). The plaintiff commenced the instant action to recover damages against the defendants Penn and Hann, in which he alleged that the defendants, inter alia, violated the New York Motor Vehicle Retail Leasing Act (Personal Property Law art 9-A).

In 2011, the defendants separately moved, inter alia, to compel arbitration based upon the arbitration clause in the automobile lease, which provided that any dispute between the parties to the lease, or their assignees, was to be referred to arbitration before the National Arbitration Forum (hereinafter the NAF). In an order dated October 27, 2011, the Supreme Court, inter alia, granted those branches of the defendants' separate motions which were to compel arbitration.

Thereafter, the plaintiff moved for leave to renew his opposition to those branches of the defendants' motions which were to compel arbitration, and for related relief, on the ground that the NAF, by virtue of a consent decree issued in 2009, was barred from arbitrating consumer disputes (*see State of Minnesota v National Arbitration Forum, Inc.*, 2009 Minn Dist LEXIS 340 [Dist Ct, July 28, 2009, No. 27-CV-09-18550]). The defendants separately cross-moved to appoint a substitute arbitrator pursuant to CPLR 7504. In an order dated May 22, 2012, the Supreme Court denied the plaintiff's motion. In its subsequent orders, the Supreme Court granted the defendants' separate cross motions and appointed a substitute arbitrator.

The plaintiff's motion for leave to renew was based upon facts which were a matter of public record at the time the defendants' original motions were made. "A motion for leave to renew must be 'based upon new facts not offered on the prior motion

that would change the prior determination' and the movant must state a 'reasonable justification for the failure to present such facts on the prior motion' " (*Zarecki & Assoc., LLC v Ross*, 50 AD3d 679, 680 [2008], quoting CPLR 2221 [e]). Although the requirement that a motion for leave to renew should be based on new facts is a flexible one, a motion for leave to renew " 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Yebo v Cuadra*, 98 AD3d 504, 506 [2012], quoting *Renna v Gullo*, 19 AD3d 472, 473 [2005]). Under the circumstances of this case, renewal was properly denied. The plaintiff did not exercise due diligence in pursuing his claim that the dispute was not arbitrable on the ground that the NAF was unavailable to serve as arbitrator.

The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.