■ Leon Jacobson, an Infant, by His Parent and Natural Guardian, Beth Jacobsen, et al., Respondents, v Lauren Adler et al., Defendants, and New York Presbyterian Weill Cornell Medical Center, Appellant. [989 NYS2d 898]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendant New York Presbyterian Weill Cornell Medical Center appeals from an order of the Supreme Court, Westchester County (Murphy, J.), entered October 2, 2012, which denied its motion for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order of the same court entered December 19, 2011.

Ordered that the order entered October 2, 2012, is affirmed, with costs.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; see Ali v Verizon N.Y., Inc., 116 AD3d 722 [2014]; Rakha v Pinnacle Bus Servs., 98 AD3d 657, 657 [2012]; DeMarquez v Gallo, 94 AD3d 1039, 1040 [2012]). While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance (see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 585-586 [2012]; Yebo v Cuadra, 98 AD3d 504, 506 [2012]), since a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see Ali v Verizon N.Y., Inc., 116 AD3d at 722; Matter of Catherine V.D. [Rachel G.], 100 AD3d 992, 993 [2012]; Worrell v Parkway Estates, LLC, 43 AD3d 436, 437 [2007]).

Here, the Supreme Court correctly determined that, in support of its motion for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order entered December 19, 2011, the defendant New York Presbyterian Weill Cornell Medical Center (hereinafter the appellant) failed to furnish new facts not offered on the prior motion which would have changed the prior determination, and failed to offer a reasonable justification for the failure to present such facts on the prior

motion (*see Ferdico v Zweig*, 82 AD3d 1151, 1153 [2011]). Accordingly, the Supreme Court providently exercised its discretion in denying the appellant's motion for leave to renew.

In light of our determination, we need not reach the appellant's remaining contention. Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.