■ UNITED MEDICAL ASSOCIATES, PLLC, Respondent, et al., Plaintiff, v SENECA INSURANCE COMPANY, INC., Appellant. [5 NYS3d 164]—

In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to defend and indemnify United Medical Associates, PLLC, and Michael Richheimer in an underlying personal injury action entitled *Pendola v United Med. Assoc., PLLC*, commenced in the Supreme Court, Kings County, under index No. 1293/09, the defendant appeals from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), entered January 10, 2014, as denied that branch of its motion which was for leave to renew that branch of its prior motion which was for summary judgment declaring it is not so obligated with respect to United Medical Associates, PLLC, which had been denied in an order of the same court dated May 2, 2013.

Ordered that the order entered January 10, 2014, is affirmed insofar as appealed from, with costs.

On October 1, 2009, United Medical Associates, PLLC (hereinafter United), and Michael Richheimer (hereinafter together the plaintiffs) commenced the instant action against Seneca Insurance Company, Inc. (hereinafter the defendant), seeking, inter alia, a judgment declaring that, pursuant to a commercial general liability insurance policy, the defendant was obligated to defend and indemnify them in an underlying personal injury action that had been commenced against them. Following the completion of discovery, the defendant moved for summary judgment declaring that it had no duty to defend or indemnify the plaintiffs with respect to the underlying action. In an order dated May 2, 2013, the Supreme Court granted that branch of the motion which was for summary judgment declaring that the defendant has no duty to defend or indemnify Richheimer. However, it denied that branch of the defendant's motion which was for summary judgment declaring it is not obligated to defend or indemnify United, holding that a triable issue of fact existed with respect to whether the timing of the defendant's disclaimer of coverage precluded an award of summary judgment. The defendant thereafter moved, inter alia, to renew that branch of its motion which was addressed to United. The Supreme Court denied the defendant's motion.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Ali v Verizon N.Y., Inc.*, 116 AD3d 722 [2014]; *Okumus v Living Room Steak House, Inc.*,

112 AD3d 799, 799 [2013]). While a court has discretion to entertain a renewal motion based on facts known to the movant at the time that the original motion was made, the movant must set forth a reasonable justification for the failure to submit that information in the first instance (*see Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 585-586 [2012]; *Yebo v Cuadra*, 98 AD3d 504 [2012]).

Here, contrary to the defendant's assertion, the Supreme Court providently exercised its discretion in denying that branch of its motion which was for leave to renew. The defendant failed to offer a reasonable justification for not submitting the allegedly new facts, which consisted of a deposition transcript that was available at the time of the defendant's initial summary judgment motion (*see Rockefeller Univ. v Tishman Constr. Corp. of N.Y.*, 240 AD2d 341, 343 [1997]; *see also Haberman v Meyer*, 120 AD3d 1301 [2014]; *Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768 [2014]; *Vieyra v Penn Toyota, Ltd.*, 116 AD3d 840 [2014]; *Okumus v Living Room Steak House, Inc.*, 112 AD3d 799 [2013]; *Forssell v Lerner*, 101 AD3d 807 [2012]). " '[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Matter of Catherine V.D. [Rachel G.]*, 100 AD3d 992, 993 [2012], quoting *Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]; *see Jacobson v Adler*, 119 AD3d 902 [2014]; *Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768 [2014]). In any event, a consideration of the allegedly new facts does not warrant a different outcome (*see Hageman v Home Depot U.S.A., Inc.*, 45 AD3d 732 [2007]), as "[r]esolving questions of credibility, determining the accuracy of witnesses, and reconciling the testimony of witnesses are for the trier of fact" (*Kahan v Spira*, 88 AD3d 964, 966 [2011]). Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.