■ ROSA AYALA, Individually and as Proposed Administratrix of the Estate of JOSE AYALA, Deceased, Respondent, v PATRICIA RAMONA GONZALEZ et al., Defendants, and AMSTERDAM MEDICAL PRACTICE, PLLC, Appellant. [10 NYS3d 452]—In an action,

inter alia, to recover damages for medical malpractice and wrongful death, the defendant Amsterdam Medical Practice, PLLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated February 14, 2014, as denied that branch of its motion which was pursuant to CPLR 2221 (e) for leave to renew its prior motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, which had been denied in an order of the same court dated February 7, 2013.

Ordered that the order dated February 14, 2014, is affirmed insofar as appealed from, with costs.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see United Med. Assoc., PLLC v Seneca Ins. Co., Inc.*, 125 AD3d 959 [2015]; *Ali v Verizon N.Y., Inc.*, 116 AD3d 722 [2014]; *Okumus v Living Room Steak House, Inc.*, 112 AD3d 799, 799 [2013]).

Here, in support of its motion to renew, the defendant Amsterdam Medical Practice, PLLC (hereinafter Amsterdam), submitted exhibits which included an affirmation of its principal, an affidavit of its bookkeeper, an affidavit of its accountant, and its operational agreement. This evidence was available to Amsterdam when it made its prior motion to dismiss the complaint insofar as asserted against it, and Amsterdam failed to set forth a reasonable justification for failing to submit the evidence on the prior motion. Accordingly, the Supreme Court properly denied the branch of its motion seeking leave to renew.

In light of our determination, we need not reach Amsterdam's remaining contentions. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.