■ RICKY KAMDEM-OUAFFO, Appellant, v PEPSICO, INC., Respondent. [21 NYS3d 154]—In an action, inter alia, to recover damages for violation of Labor Law § 740, the plaintiff appeals from an order of the Supreme Court, Westchester County (Scheinkman, J.), entered October 8, 2013, which denied his motion for leave to renew and reargue his opposition to that branch of the defendant's prior motion which was for summary judgment dismissing the complaint, which had been granted in an order of the same court entered July 9, 2013.

Ordered that the appeal from so much of the order dated October 8, 2013, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated October 8, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

"A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Elder v Elder, 21 AD3d

1055, 1055 [2005]; *see Rose v Levine*, 98 AD3d 1015, 1015-1016 [2012]). A motion for leave to renew must be based on new facts, not offered on the original application, "that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see United Med. Assoc., PLLC v Seneca Ins. Co., Inc.*, 125 AD3d 959, 960-961 [2015]; *Ali v Verizon N.Y., Inc.*, 116 AD3d 722, 723 [2014]; *Okumus v Living Room Steak House, Inc.*, 112 AD3d 799, 800 [2013]).

Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew his opposition to the defendant's summary judgment motion. The plaintiff failed to offer a reasonable justification as to why the newly submitted evidence was not submitted at the time of the prior motion and, in any event, the newly submitted evidence would not have changed the prior determination (*see Ayala v Gonzalez*, 129 AD3d 874, 875 [2015]; *Rose v Levine*, 98 AD3d at 1016). To the extent the plaintiff raises issues regarding alleged malpractice by his former attorney, those contentions are not properly before this Court. Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.