■ E. DEANE LEONARD et al., Appellants, v PLANNING BOARD OF TOWN OF UNION VALE, Respondent. [26 NYS3d 155]—

In a hybrid action, inter alia, to recover damages pursuant to 42 USC § 1983, and proceeding pursuant to CPLR article 78 to review determinations of the defendant/respondent dated March 21, 2012, and April 18, 2012, inter alia, rejecting an application of the plaintiffs/petitioners for preliminary plat approval, the plaintiffs/petitioners appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Rosa, J.), dated November 8, 2013, as, upon reargument, granted that branch of the defendant/respondent's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, alleging a violation of constitutional rights pursuant to 42 USC § 1983; and (2) from an order of the same court, dated February 18, 2014, which denied their motion for leave to renew their opposition to that branch of the defendant/respondent's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, alleging a violation of constitutional rights pursuant to 42 USC § 1983.

Ordered that the order dated November 8, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 18, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant/respondent.

In 1987, in connection with a proposal to subdivide a 950-acre parcel of real property then owned by the plaintiffs/petitioners E. Deane Leonard and Steven Habiague in the Town of Union Vale, the Planning Board of the Town of Union Vale (hereinafter the Planning Board) issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8). Thereafter, those plaintiffs/petitioners sought and received approval from the Planning Board to subdivide a portion of the property, which was developed. In 2012, Habiague, Leonard, and the plaintiff/petitioner Robert O. Dryfoos, to whom a portion of the property had been sold, applied for preliminary plat approval to subdivide the remainder of the parcel. The application relied upon the 1987 negative declaration. The Planning Board, in a resolution adopted on April 18, 2012, determined, inter alia, that the 1987 negative declaration was inapplicable to the subject application and, thus, that the application was incomplete.

The plaintiffs/petitioners commenced this hybrid action/ proceeding pursuant to CPLR article 78, seeking, inter alia, damages pursuant to 42 USC § 1983, on the ground that the Planning Board's determination concerning the negative declaration violated their substantive due process rights. The Supreme Court, upon reargument, granted that branch of the Planning Board's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, alleging a violation of constitutional rights pursuant to 42 USC § 1983. Thereafter, the Supreme Court denied the plaintiffs/petitioners' motion for leave to renew their opposition to that branch of the Planning Board's motion.

"In the land-use context, 42 USC § 1983 protects against municipal actions that violate a property owner's rights to due process" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 626 [2004]). In order to establish a violation of substantive due process rights in this context, plaintiffs are required to establish "a cognizable or vested property interest, not the mere hope of one" (*Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192, 201 [2009]; *see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d at 627; *Zahra v Town of Southold*, 48 F3d 674, 680 [2d Cir 1995]). Here, in order to establish a cognizable property right, the plaintiffs/petitioners were required to establish a " 'legitimate claim of entitlement' " to have the 1987 negative declaration applied to their present application for preliminary plat approval (*Zahra v Town of Southold*, 48 F3d at 680, quoting *RRI Realty Corp. v Incorporated Vil. of Southampton*, 870 F2d 911, 915 [2d Cir 1989]; *see Crowley v Courville*, 76 F3d 47, 51-52 [2d Cir 1996]; *see also Town of Orangetown v Magee*, 88 NY2d 41, 51 [1996]). Because the Planning Board's discretion in this respect was not "so narrowly circumscribed" that application of the 1987 negative declaration to the present project was "virtually assured," the plaintiffs/petitioners failed to allege a cognizable property interest (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d at 629; *see* 6 NYCRR 617.7 [e], [f]; *Crowley v Courville*, 76 F3d at 52; *RRI Realty Corp. v Incorporated Vil. of Southampton*, 870 F2d at 919). Accordingly, the Supreme Court properly, upon reargument, granted that branch of the Planning Board's motion which was to dismiss the third cause of action.

The Supreme Court did not improvidently exercise its discretion in denying the plaintiffs/petitioners' motion for leave to renew their opposition to that branch of the Planning Board's motion which was to dismiss the third cause of action since the new facts asserted on the renewal motion would not have

changed the prior determination and the plaintiffs/petitioners did not offer a reasonable justification for their failure to submit those facts in connection with the Planning Board's initial motion to dismiss (*see Kamdem-Ouaffo v Pepsico, Inc.*, 133 AD3d 828 [2015]; *Matter of Grande v City of New York*, 133 AD3d 752 [2015]; *Ayala v Gonzalez*, 129 AD3d 874 [2015]).

Finally, the plaintiffs/petitioners request, as an alternative to dismissal, that we stay the action pending the disposition of a related federal action. Inasmuch as the plaintiffs/petitioners did not argue in the Supreme Court that a stay would be appropriate as an alternative to dismissal, their contention regarding a stay is not properly before us (*see Metropolitan Steel Indus., Inc. v Tully Constr. Co., Inc.*, 55 AD3d 363, 364 [2008]; *Rodrigues v City of New York*, 193 AD2d 79, 88 [1993]; *see also Gayz v Kirby*, 41 AD3d 782, 783 [2007]). Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.