■ WENDY HILBURG et al., Appellants, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. [31 NYS3d 126]—

In a hybrid action, inter alia, to recover damages pursuant to 42 USC § 1983 for a violation of constitutional rights, and proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Transportation dated May 9, 2013, repealing a prior order which had prohibited parking outside the premises of the plaintiffs/petitioners, and to direct the Village of Mamaroneck to replace certain "no parking" signs, the plaintiffs/petitioners appeal from an order of the Supreme Court, Westchester County (Zuckerman, J.), dated June 4, 2014, which granted the motion of the defendants/respondents Village of Mamaroneck and Richard Slingerland, and the separate motion of the defendants/respondents New York State Department of Transportation, N.A. Choubah, and Kamal Ahmed, pursuant to CPLR 3211 (a) to dismiss the complaint/petition insofar as asserted against each of them.

Ordered that the notice of appeal from so much of the order dated June 4, 2014, as granted those branches of the defendants/respondents' separate motions which were to dismiss the cause of action seeking relief pursuant to CPLR article 78 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated June 4, 2014, is modified, on the law, by deleting the provision thereof granting those branches of the defendants/respondents' separate motions which were to dismiss the cause of action seeking relief pursuant to CPLR article 78, and substituting therefor a provision denying those branches of the motions; as so modified, the order dated June 4, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs/petitioners, payable by the defendants/respondents appearing separately and filing separate briefs.

The plaintiffs/petitioners, Wendy Hilburg and Realty Guild, LLC (hereinafter the appellants), own commercial property in Mamaroneck situated on West Boston Post Road, which is a state highway. In December 2010, the defendant/respondent New York State Department of Transportation (hereinafter the

DOT) issued an order designating the area of West Boston Post Road located immediately outside the appellants' property as a no-parking zone. Thereafter, the DOT issued a permit to the appellants which allowed them to repair the curb and sidewalk just outside their property, and to install four "no parking" signs. On May 9, 2013, the DOT issued an order repealing the prior order, and the defendant/respondent Village of Mamaroneck (hereinafter the Village) removed the "no parking" signs on May 31, 2013. However, the appellants were not informed that the no-parking designation had been repealed, and they did not find out about the repeal until August 9, 2013, when the DOT provided them with a copy of the order dated May 9, 2013, repealing the prohibition on parking.

On November 6, 2013, the appellants commenced this hybrid action against the Village and the Village Manager, Richard Slingerland (hereinafter together the Village respondents), and the DOT and its employees N.A. Choubah and Kamal Ahmed (hereinafter collectively the DOT respondents) to recover damages pursuant to 42 USC § 1983 for a violation of constitutional rights, and proceeding pursuant to CPLR article 78 to review the DOT's determination repealing the parking prohibition and to direct the Village to replace the "no parking" signs it had removed. The Village respondents and the DOT respondents separately moved pursuant to CPLR 3211 (a) to dismiss the complaint/petition insofar as asserted against each of them on the grounds, inter alia, that the CPLR article 78 cause of action was time-barred and the section 1983 cause of action failed to state a cause of action. In the order appealed from, the Supreme Court granted the separate motions, concluding that both causes of action were subject to the four-month statute of limitations set forth in CPLR 217 and that the action/proceeding had not been timely commenced.

A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding (*see* CPLR 217 [1]; *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]). There are two requirements for fixing the time when agency action is deemed final and binding. "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d at 34). A party seeking to assert the statute of limita-

tions as a defense has the burden of establishing that the petitioner was provided notice of the determination more than four months before the proceeding was commenced (*see Matter of Romeo v Long Is. R.R. Co.*, 136 AD3d 926 [2016]; *Matter of Bill's Towing Serv., Inc. v County of Nassau*, 83 AD3d 698, 699 [2011]; *Berkshire Nursing Ctr., Inc. v Novello*, 13 AD3d 327, 328 [2004]).

Here, although the "no parking" signs in front of the appellants' property were removed on May 31, 2013, the appellants were not notified until August 9, 2013, that the DOT had repealed its prior order prohibiting parking outside the appellants' premises. Since the appellants commenced this action/proceeding on November 6, 2013, less than three months after receiving this notification, the CPLR article 78 cause of action is not time-barred. The DOT's remaining contention regarding the CPLR article 78 cause of action, raised for the first time on appeal, is not properly before this Court.

The 42 USC § 1983 cause of action was properly dismissed, but on a ground different than that relied upon by the Supreme Court. "In the land-use context, 42 USC § 1983 protects against municipal actions that violate a property owner's rights to due process" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 626 [2004]). In order to establish a violation of due process rights in this context, a plaintiff is required to establish "a cognizable or vested property interest, not the mere hope of one" (*Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192, 201 [2009]; *see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d at 627; *Leonard v Planning Bd. of Town of Union Vale*, 136 AD3d 873 [2016]; *Zahra v Town of Southold*, 48 F3d 674, 680 [2d Cir 1995]). Here, even accepting the factual allegations asserted by the appellants as true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the Village respondents and the DOT respondents correctly contended that, as a matter of law, the appellants do not have a cognizable or vested property interest in maintaining a parking prohibition on a state highway (*cf. Town of Orangetown v Magee*, 88 NY2d 41, 52-53 [1996]). Accordingly, the appellants failed to state a cause of action to recover damages pursuant to 42 USC § 1983 for a violation of constitutional rights. In light of our determination, the DOT respondents' remaining contention with regard to the 42 USC § 1983 cause of action need not be considered. Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.