█ ESTHER SPITZ, an Infant, by Her Father and Natural Guardian, YOEL SPITZ, Respondent, v MARK DREW, Appellant.
[31 NYS3d 515]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Sherman, J.), dated September 8, 2015, as denied that branch of their motion which was, in effect, for leave to renew their prior motion pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Rockland County, which had been denied in an order of the same court (Graham, J.), dated September 12, 2013.

Ordered that the order dated September 8, 2015, is affirmed insofar as appealed from, with costs.

In December 2012, the plaintiff, an infant, by her father and natural guardian, commenced this action in the Supreme Court, Kings County, against the defendants to recover damages for personal injuries. Kings County was selected as the venue for this action based on the plaintiff's residence. The defendants moved pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Rockland County. The Supreme Court denied the defendants' motion in an order dated September 12, 2013.

In April 2015, the defendants moved, inter alia, in effect, for leave to renew their prior motion pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Rockland County. The defendants submitted new evidence suggesting that the Kings County address previously provided by the plaintiff was being operated, at least in part, as a synagogue. The Supreme Court, among other things, denied that branch of the motion, and the defendants appeal.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Elder v Elder*, 21 AD3d 1055, 1055 [2005]; *see Renna v Gullo*, 19 AD3d 472, 473 [2005]).

Here, the defendants failed to provide a reasonable justification for their failure to present the new evidence on the original motion (*see Ayala v Gonzalez*, 129 AD3d 874 [2015]; *Mount Sinai Hosp. v Dust Tr., Inc.*, 104 AD3d 823, 824-825 [2013]) and, in any event, the newly submitted evidence would not have changed the prior determination since it failed to demonstrate that the plaintiff did not maintain a residence in Kings County at the time the action was commenced (*see* CPLR 2221 [e]; *Chehab v Roitman*, 120 AD3d 736 [2014]).

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was, in effect, for leave to renew their prior motion pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Rockland County. Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.