■ ERZULIE PRUDENCE, Respondent, v SHAWETTE WHITE et al., Appellants. [39 NYS3d 838]—

In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated November 28, 2014, which denied their motion, in effect, for leave to renew their prior motion, in effect, pursuant to CPLR 5015 (a) (1) to vacate an order of the same court (Baynes, J.) dated June 8, 2012, and a clerk's judgment entered May 16, 2013.

Ordered that the order dated November 28, 2014, is affirmed, with costs.

"A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Elder v Elder*, 21 AD3d 1055, 1055 [2005]; *see Rose v Levine*, 98 AD3d 1015, 1015-1016 [2012]; *Matter of Allstate Ins. Co. v Liberty Mut. Ins.*, 58 AD3d 727, 728 [2009]). A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination and the motion must also contain a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e]; *Kamdem-Ouaffo v Pepsico, Inc.*, 133 AD3d 828, 829 [2015]; *United Med. Assoc., PLLC v Seneca Ins. Co., Inc.*, 125 AD3d 959, 960-961 [2015]; *Okumus v Living Room Steak House, Inc.*, 112 AD3d 799, 800 [2013]).

Here, the Supreme Court providently exercised its discretion in denying the defendants' motion, in effect, for leave to renew their prior motion, in effect, pursuant to CPLR 5015 (a) (1) to vacate an order dated June 8, 2012, and a judgment entered May 16, 2013. The defendants failed to offer a reasonable justification as to why the newly submitted evidence, which was available to them when they made their prior motion, was not submitted at the time of the prior motion. Furthermore, the newly submitted evidence would not have changed the prior determination (*see Kamdem-Ouaffo v Pepsico, Inc.*, 133 AD3d at 829; *Ayala v Gonzalez*, 129 AD3d 874, 875 [2015]; *United Med. Assoc., PLLC v Seneca Ins. Co., Inc.*, 125 AD3d at 961). Balkin, J.P., Chambers, Roman, Duffy and Barros, JJ., concur.