■ STRATTON OAKMONT, LLC, et al., Plaintiffs, v JOSEPH TOMLINSON et al., Defendants. (And a Third-Party Action.) JOSEPH TOMLINSON, Respondent, v SULEIMAN SAHAWNEH, Appellant, et al., Defendant. [51 NYS3d 186]—

In related actions, inter alia, to set aside a transfer of real property as a fraudulent conveyance under the Debtor and Creditor Law, Suleiman Sahawneh, a defendant in Action No. 2, appeals (1) from an order of the Supreme Court, Dutchess County (Brands, J.), dated May 4, 2015, in Action No. 2, which denied his motion to permanently enjoin the sheriff's sale of the subject property in satisfaction of a money judgment obtained against him in Action No. 1, and (2), as limited by his brief, from so much of an order of the same court dated May 13, 2015, in Action No. 2, as denied that branch of his motion which was for leave to renew his motion for a permanent injunction.

Ordered that the order dated May 4, 2015, is affirmed; and it is further,

Ordered that the order dated May 13, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In Action No. 1, Joseph Tomlinson obtained a default judgment against Suleiman Sahawneh in the amount of $22,725.84.

Thereafter, Tomlinson commenced Action No. 2 against Suleiman and his wife, Shefa Sahawneh, seeking to set aside, as fraudulent, conveyances Suleiman made to Shefa of properties located on Roosevelt Avenue and Manitou Avenue, in Poughkeepsie, pursuant to Debtor and Creditor Law § 273. Tomlinson obtained a default judgment in Action No. 2, upon the failure of Suleiman and Shefa to answer or appear, dated November 23, 2010.

On or about February 26, 2015, Suleiman moved to permanently enjoin the sheriff's sale of the property on Roosevelt Avenue (hereinafter the subject property), claiming that he was entitled to the homestead exemption since the subject property was his principal residence. Tomlinson opposed the motion, claiming that it was another attempt by Suleiman to frustrate collection of the underlying debt. In an order dated May 4, 2015, the Supreme Court denied the motion, finding that the subject property did not qualify for the homestead exemption. Suleiman appeals.

Suleiman then filed a motion for leave to renew and reargue his motion for a permanent injunction. This motion was denied in an order dated May 13, 2015. Suleiman appeals from so much of this order as denied that branch of his motion which was for leave to renew.

Contrary to Suleiman's contentions, the Supreme Court properly denied his motion for a permanent injunction, since the subject property did not qualify for the homestead exemption (see CPLR 5206; In re Issa, 501 BR 223, 226 [Bankr SD NY 2013]; In re Scott, 233 BR 32, 40 [Bankr ND NY 1998]).

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of Suleiman's motion which was for leave to renew, as he failed to provide a reasonable justification for the failure to present the allegedly new facts on the prior motion (see United Med. Assoc., PLLC v Seneca Ins. Co., Inc., 125 AD3d 959, 961 [2015]; Jacobson v Adler, 119 AD3d 902, 902 [2014]). In any event, consideration of the allegedly new facts would not have changed the court's prior determination (see United Med. Assoc., PLLC v Seneca Ins. Co., Inc., 125 AD3d at 961; Jacobson v Adler, 119 AD3d at 902). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.