Braxton v Plaza Hous. Dev. Fund Co., Inc. (2018 NY Slip Op 05274)





Braxton v Plaza Hous. Dev. Fund Co., Inc.


2018 NY Slip Op 05274


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-02261
 (Index No. 504191/14)

[*1]Lawrence Braxton, appellant, 
v
Plaza Housing Development Fund Company, Inc., et al., respondents.


Bader & Yakaitis, LLP, New York, NY (Michael Caliguiri of counsel), for appellant.
Babchik & Young, LLP, White Plains, NY (Jack Babchik, Karen E. Cigna, and Jordan Sklar of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated January 20, 2017. The order denied the plaintiff's motion for leave to renew and reargue his opposition to the defendants' prior motion for summary judgment dismissing the complaint, which had been granted in an order dated October 21, 2016.
ORDERED that the appeal from so much of the order dated January 20, 2017, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED the order dated January 20, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff allegedly slipped in a puddle of urine while he was walking down an interior staircase in an apartment building owned and operated by the defendants. He commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained as a result of the accident. The defendants moved for summary judgment dismissing the complaint, and the plaintiff opposed the motion. In an order dated October 21, 2016, the Supreme Court granted [*2]the defendants' motion for summary judgment. The plaintiff thereafter moved for leave to renew and reargue his opposition to the defendants' motion for summary judgment. The defendants opposed the plaintiff's motion. In an order dated January 20, 2017, the Supreme Court denied the plaintiff's motion for leave to renew and reargue. The plaintiff appeals.
A motion for leave to renew must be based upon new facts not offered on the original motion "that would change the prior determination" (CPLR 2221[e][2]; see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 585-586). "The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 856; see Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891). "However, in either instance, a reasonable justification' for the failure to present such facts on the original motion must be presented" (Rowe v NYCPD, 85 AD3d 1001, 1003, quoting CPLR 2221[e][3]; see Cioffi v S.M. Foods, Inc., 129 AD3d at 891; Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 856).
Here, the plaintiff did not set forth any justification for his failure to submit the purported new facts in his opposition to the defendants' prior motion for summary judgment dismissing the complaint. Accordingly, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for leave to renew his opposition to the defendants' prior motion for summary judgment dismissing the complaint (see Quinones v 9 E. 69th St., LLC, 132 AD3d 751, 752; United Med. Assoc., PLLC v Seneca Ins. Co., Inc., 125 AD3d 959, 961; Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 585-586; see also Cioffi v S.M. Foods, Inc., 129 AD3d at 891).
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court