BDC Fin. LLC v Barclays Bank PLC (2019 NY Slip Op 07219)





BDC Fin. LLC v Barclays Bank PLC


2019 NY Slip Op 07219


Decided on October 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2019

Friedman, J.P., Sweeny, Richter, Mazzarelli, Webber, JJ.


10019 650375/08

[*1] BDC Finance LLC, Plaintiff-Appellant,
v
Barclays Bank PLC, Defendant-Respondent.


Joseph Hage Aaronson LLC, New York (Gregory P. Joseph of counsel), for appellant.
Sullivan & Cromwell LLP, New York (Jeffrey T. Scott of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 7, 2018, which after a nonjury trial, found that defendant (Barclays) is not liable to plaintiff (BDC) on the claim for breach of contract, unanimously affirmed, with costs.
BDC claims that Barclays was contractually required to transfer the "undisputed amount" of $5,080,000 to it by the close of business on October 7, 2008, and that Barclays' failure to make the full transfer of that amount on that day resulted in its being obligated to pay a $40 million collateral call in its entirety, which it did not do.
In a prior appeal in this case, this Court granted BDC's motion for summary judgment on its cause of action for breach of contract, finding as a matter of law, among other things, that Barclays did not properly dispute the October 6, 2008 collateral call of $40 million because it neither notified BDC of the dispute nor transferred the "undisputed amount" of $5,080,000 by October 7, 2008, that Barclays' payment of $5 million on October 8 was a day late, and that, because Barclays did not pay the undisputed amount by the October 7 deadline, it lost any right it may have had to suspend the payment of the full $40 million (see BDC Fin. L.L.C. v Barclays Bank PLC, 110 AD3d 582 [1st Dept 2013], mod 25 NY3d 37 [2015]).
The Court of Appeals reversed the grant of summary judgment to BDC, on the grounds, as relevant here, that BDC did not deny that Barclays had given notice that it disputed the collateral call, and that material issues of fact existed as to whether Barclays complied with the undisputed amount provision. "A question of fact exists as to whether BDC received the full benefit of the amount it was owed when Barclays paid the $5 million and reduced the amount of its collateral call to BDC by the additional $80,000" (25 NY3d 37, 44 [2015]).
At the ensuing trial, Supreme Court found that BDC failed to prove by a preponderance of the evidence that it did not receive the full benefit of the contractual provision concerning the payment of the undisputed amount, and held that Barclays is not liable to BDC for breach of contract.
A fair interpretation of the evidence supports the trial court's conclusion that, although it was due on October 7, 2008, Barclays' October 8, 2008 transfer to BDC of $5 million and its reduction of the amount of its collateral call by $80,000 substantially complied with its contractual obligation and provided BDC with the full benefit of the amount that was owed. BDC's arguments that the trial court should have strictly enforced the contractual provisions regarding the timing of the payment of the undisputed amount and should have found that Barclays engaged in equivocal and willful conduct that misled BDC as to whether it had given notice of a dispute and its intention to pay the undisputed amount, are foreclosed by the rulings of the Court of Appeals, which are law of the case (see NAMA Holdings, LLC v Greenberg Traurig, LLP, 92 AD3d 614 [1st Dept 2012]).
BDC's remaining challenges to the trial court's finding of no liability are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 8, 2019
CLERK