■ PAMELA MALONE et al., Appellants, v TOWN OF SOUTHOLD, Respondent, et al., Defendants. [757 NYS2d 85] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated November 16, 2001, as granted that branch of the motion of the defen-

dant Town of Southold which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Pamela Mallone allegedly sustained injuries when she tripped and fell in a hole in a 3- to 4-foot- wide grassy area between the sidewalk and main road on Fisher's Island in the Town of Southold. The plaintiffs commenced this action against the Town of Southold, the County of Suffolk, and the Fisher's Island Ferry District. The Supreme Court, inter alia, granted that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it, finding that the plaintiffs failed to rebut the Town's prima facie showing that it had no prior written notice of the defect, as required pursuant to Town Law § 65-a (2). We affirm.

The Town established its prima facie entitlement to summary judgment by demonstrating that it had no prior written notice of the hole, as required by Town Law § 65-a (2), which applies to defects in sidewalks. In opposition, the plaintiffs failed to submit evidence in admissible form to raise a triable issue of fact. Contrary to the plaintiffs' contentions, both by statute and case law, the strip of grass between the sidewalk and roadway is part of the sidewalk, and is therefore governed by Town Law § 65-a (2) (*see* Vehicle and Traffic Law § 144; *Zizzo v City of New York,* 176 AD2d 722 [1991]; *Gallo v Town of Hempstead,* 124 AD2d 700 [1986]). Moreover, constructive notice is not one of the recognized exceptions to the prior written notice statute (*see Amabile v City of Buffalo,* 93 NY2d 471, 475-476 [1999]). Accordingly, that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it was properly granted.

The plaintiffs' remaining contentions are without merit. Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.