■ STANLEY BOATWRIGHT, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [758 NYS2d 307] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered February 15, 2002, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was injured when he slipped and fell on a subway hatch installed in the sidewalk. The mere fact that the surface of the hatch was slippery when wet is insufficient to raise a triable issue as to negligence (*Wasserstrom v New York City Tr. Auth.*, 267 AD2d 36, 37 [1999], *lv denied* 94 NY2d 761 [2000]). The expert affidavit offered by plaintiff was of no value, since the expert's opinion was conclusory and was not supported by references to specific, currently applicable safety standards or practices (*see Contreras v Zabar's*, 293 AD2d 362 [2002]). Plaintiff did not raise a triable issue as to whether the subway hatch, which features the usual type of raised treads used on cellar hatches, was defective (*see Cornwell v Otis El. Co.*, 275

AD2d 649 [2000]; *Mosher v Town of Oppenheim*, 263 AD2d 605, 606 [1999]; *compare Radaelli v City of Troy*, 229 AD2d 882 [1996] [smooth grate lacking any treads]). Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.