Barbara A. Rochford, Respondent, v City of Yonkers, Appellant. [786 NYS2d 433]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered November 19, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was injured when she stepped into a depression or pothole on Halley Street in the City of Yonkers. She subsequently commenced this action against the City, alleging, inter alia, that it was negligent in its ownership and maintenance of the street. The City moved for summary judgment dismissing the complaint on the ground that it did not receive prior written notice of the defect as required by Yonkers City Charter § C24-11. The plaintiff opposed the motion with, among other things, an affidavit of an engineer opining that the street defect was caused by the settling of the asphalt, which in turn resulted from the failure to properly compact or replace the subgrade material under the asphalt surface of the road. The Supreme Court denied the motion, finding that the engineer's affidavit sufficed to raise a triable issue of fact as to whether the City affirmatively created the defective condition. We reverse and grant the City's motion.

The City demonstrated its prima facie entitlement to judgment as a matter of law by submitting the affidavit of its Commissioner of Public Works stating that a search of City records was conducted and no prior written notice of the defect was found (see Cardona v City of New York, 305 AD2d 303 [2003]; Mendes v Whitney-Floral Realty Corp., 216 AD2d 540 [1995]). The plaintiff's submissions in opposition to the motion were insufficient to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). More particularly, although the plaintiff's engineer opined that the defect resulted from the improper construction or repaving of the street, he failed to

support that conclusion with any empirical data or foundational facts, nor did he recite any relevant construction practices or standards and explain how the City deviated therefrom. Accordingly, the affidavit constituted mere speculation and conjecture, and it was insufficient to withstand the City's motion for summary judgment (*see Boatwright v New York City Tr. Auth.*, 304 AD2d 421 [2003]; *Sipourene v County of Nassau*, 266 AD2d 450, 451 [1999]; *Mendes v Whitney-Floral Realty Corp., supra; Browne v Big V Supermarkets*, 188 AD2d 798, 799 [1992]). Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.