■ SARAH THORNE, Respondent, v ELIZABETH S. GRUBMAN, Appellant, et al., Defendants. (And Another Action.) [799 NYS2d 500]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered September 20, 2004, which, in an action for personal injuries sustained when defendant-appellant allegedly backed her vehicle into a crowd of people standing in or near the parking area of a Suffolk County nightclub, denied defendant-appellant's motion pursuant to CPLR 510 (2) for a change of venue from New York County to Albany County, and order, same court and Justice, also entered September 20, 2004, which, inter alia, denied defendant-appellant's motion for partial summary judgment dismissing plaintiff's claim for punitive damages as against her, unanimously affirmed, without costs.

Defendant's evidence of widespread negative publicity, considered together with the public opinion survey of prospective jurors conducted by her expert, does not sufficiently show that an impartial jury cannot be selected in New York County (*see People v Boudin,* 90 AD2d 253, 255-256 [1982]). While the survey, assuming its scientific validity, showed that comparatively more residents of New York and Suffolk counties recognized defendant's name or were aware of the incident than residents of Albany County, it was taken only six months after the incident, while the order on appeal was entered more than three years later. Similarly, most of the news stories on which defendant relies were published within months of the incident. Absent evidence to the contrary, the news coverage has presumably abated and passions have presumably cooled in the interim (*cf. People v Boss,* 261 AD2d 1, 3 [1999], citing *Groppi v Wisconsin,* 400 US 505, 510 [1971] and *Boudin,* 90 AD2d at 257). In any event, even if a similar survey were taken today with the same result, it would show that less than half of the jury pool in New York County is biased against defendant, and would not warrant a change of venue (*cf. Babylon Assoc. v County of Suffolk,* 89 AD2d 57, 59 [1982]).

Defendant's motion to dismiss the claim for punitive damages was properly denied inasmuch as an issue of fact is presented as to whether her actions evidence a " 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard' " (*Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 203 [1990]), i.e, an utter disregard for the safety of others (PJI 2:278 [2005]). Defendant's plea to charges of criminally negligent assault and leaving the scene of an accident does not negate the existence of factual issues as to whether her conduct was deliberate. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Williams, JJ.