■ SARAH THORNE, Respondent, v ELIZABETH S. GRUBMAN, Appellant, et al., Defendants. [836 NYS2d 117]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered December 11, 2006, which denied defendant's motion to preclude plaintiff from offering the opinion of an accident reconstruction expert and to dismiss plaintiff's claim for punitive damages, unanimously affirmed, without costs.

The motion court correctly ruled that defendant's objections to plaintiff's expert's deposition testimony do not involve the reliability of the specified science of accident reconstruction, but rather the weight of the evidence to be accorded the expert's testimony. On appeal, defendant, shifting the emphasis of her argument, does not attack the expert's methodology, but instead argues only that his testimony constitutes "mind reading" not within the purview of the science of accident reconstruction. When read in its entirety, this is not a fair characterization of the expert's testimony. While the expert opined that defendant made "intentional" steering corrections, he repeatedly explained that he has no opinion regarding her motive in making these corrections, and he never purported to say what defendant was thinking at the time of the collision. His conclusion that the steering corrections were intentional was based on findings as to the speed of defendant's vehicle, the use of brake and accelerator, reaction time to avoid the collision, and the type of steering corrections that were made, all factors relating to how the collision occurred, not defendant's state of mind. Any

opinions expressed regarding defendant's state of mind, or other misimpressions left by the expert's testimony, can be handled on cross-examination or by timely objection and a limiting instruction by the court.

We find no merit to defendant's argument that plaintiff's claim for punitive damages should be dismissed since it is based solely on the impermissible "intent" opinion of her expert and has no other support in the record. This Court has already found that an issue of fact exists as to whether defendant's actions evidence a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard, and specifically rejected defendant's argument that her plea of guilty to charges of criminally negligent assault and leaving the scene of an accident negates the existence of factual issues as to whether her actions were deliberate (21 AD3d 254 [2005]). Concur—Andrias, J.P., Saxe, Nardelli and Williams, JJ.