█ REGINA CARTER, Individually and as Administratrix of the Estate of CLOVER CARTER, Deceased, Respondent, v ISABELLA GERIATRIC CENTER, INC., Appellant. [896 NYS2d 332]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about August 26, 2009, which, in an action by an estate against a nursing home arising out of defendant's care of plaintiff's decedent, granted plaintiff's motion to vacate a prior conference order precluding plaintiff's experts from testifying at trial and dismissing the action, unanimously reversed, on the

law, without costs, and plaintiff's motion to vacate the prior order denied. The Clerk is directed to enter judgment dismissing the complaint.

The challenged expert disclosure statements do not "disclose in reasonable detail . . . the substance of the facts and opinions on which each expert is expected to testify" (CPLR 3101 [d] [1] [i]). As the pretrial conference court aptly put it in dismissing the complaint, the "sea of generalities" contained in these statements largely duplicate the similarly verbose generalities contained in the complaint and bill of particulars and "essentially tell the defendants nothing about what they are supposed to be defending," although they do reveal "that there was no real attempt to consult with an expert" (see *Chapman v State of New York*, 189 AD2d 1075, 1075 [1993]). No particular standards of care are particularly associated with any of the many acts of medical and nursing malpractice about which plaintiff's experts will supposedly testify (see *Pauling v Orentreich Med. Group*, 14 AD3d 357, 358 [2005], *lv denied* 4 NY3d 710 [2005]), which, best we can tell from plaintiff's pleadings and these statements, were continually committed by the many doctors, nurses and caregivers involved with the decedent's care over the course of her four-year residency in the nursing home. Nor do the many statutes and regulations serially cited in plaintiff's pleadings without reference to subsections provide any useful disclosure regarding standards of care and defendant's departures therefrom. Plaintiff has been given ample opportunity to provide useful expert disclosure, and her prolonged and repeated failure to do so permits an inference of willfulness warranting dismissal of her medical malpractice claims (see *id.*; *McCarthy v Handel*, 297 AD2d 444, 448 [2002]).

Nor did plaintiff make any attempt to particularize the facts that supposedly cast some of her claims in ordinary negligence rather than malpractice, as we suggested in dismissing her appeal from the conference order (60 AD3d 520, 521 [2009]). Our own unaided review of plaintiff's claims, variously denominated as negligence, gross negligence, breach of contract, breach of warranty, inadequate hiring, failure to abide by mandatory rules, and failure to communicate significant medical findings, reveals that they all "bear[ ] a substantial relationship to the rendition of medical treatment" to plaintiff's decedent (*Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 788 [1996] [internal quotation marks omitted]; see *Scalisi v New York Univ. Med. Ctr.*, 24 AD3d 145 [2005]). Accordingly, there appears to be no possibility that plaintiff can prove any part of her case without expert testimony, and the entire complaint must be dismissed.

Concur—Andrias, J.P., Nardelli, Catterson, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 31919(U).]**