■ WILLIAM R. KRAUSCH et al., Respondents, v INCORPORATED VILLAGE OF SHOREHAM, Appellant. [928 NYS2d 769]—

On the evening of July 26, 2006, the plaintiff William R. Krausch allegedly fell and sustained injuries when he placed his foot on a broken curb adjacent to a parking lot owned and operated by the defendant, Incorporated Village of Shoreham. The injured plaintiff and his wife, suing derivatively, thereafter commenced this action against the Village. The Village moved for summary judgment dismissing the complaint on the ground that it had received no prior written notice of the allegedly hazardous condition, as was required by Village Law § 6-628. In the order appealed from, the Supreme Court, among other things, denied the Village's motion, finding a triable issue of fact as to whether the location of the accident was a public area within the purview of the Village Law. We reverse the order insofar as appealed from.

The prior written notice requirement of Village Law § 6-628 is applicable to a municipal parking lot, and the location of the injured plaintiff's accident was a public area to which Village Law § 6-628 applies (*see Groninger v Village of Mamaroneck*, 17 NY3d 125, 128-129 [2011]). The parking lot at issue serves the "functional purpose" of a highway as set forth in Vehicle and Traffic Law § 118 (*id.* at 129). The mere fact that access to the parking lot area was controlled by an electronic gate did not raise a triable issue of fact as to whether the lot was open to the public (*see Lauria v City of New Rochelle*, 225 AD2d 1013 [1996]). The Village established its prima facie entitlement to judgment as a matter of law by submitting proof that a search of its records revealed no prior written notice of a defective condition at the parking lot and its adjacent curbing at any time prior to the subject accident (*see Groninger v Village of Mamaroneck*, 17 NY3d at 129-130).

Once the Village satisfied its burden of showing a lack of prior written notice, the plaintiffs were required to come forward with admissible evidence to raise a triable issue of fact as to whether written notice was given or whether the Village created or exacerbated the alleged defective condition through its affirmative acts of negligence (*see Walker v Incorporated Vil. of Freeport*, 52 AD3d 697, 697-698 [2008]). The plaintiffs failed

to meet that burden. Accordingly, the Supreme Court should have granted the Village's motion for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.