■  ANGELA OLIVERI, Respondent, v VILLAGE OF GREENPORT, Appellant. [940 NYS2d 675]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated April 4, 2011, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly sustained injuries when she tripped on a raised tree grate located in a strip of cobblestone between a sidewalk and a roadway in the Village of Greenport. The plaintiff then commenced this action against the Village to recover damages for personal injuries. The Village moved for summary judgment dismissing the complaint, contending, among other things, that it did not receive prior written notice of the alleged defect, as required by Village Law § 6-628. In the order appealed from, the Supreme Court, among other things, denied the Village's motion for summary judgment.

The Village established its prima facie entitlement to judg-

ment as a matter of law by submitting evidence that it lacked prior written notice of the allegedly defective condition, as required by Village Law § 6-628 (see *Richards v Incorporated Vil. of Rockville Ctr.,* 80 AD3d 594, 594 [2011]; *Krausch v Incorporated Vil. of Shoreham,* 87 AD3d 715, 716 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Village received prior written notice of that condition, or as to whether one of the exceptions to the prior written notice requirement applied (see *Yarborough v City of New York,* 10 NY3d 726, 728 [2008]; *Kiszenik v Town of Huntington,* 70 AD3d 1007, 1008 [2010]; *Healy v Village of Patchogue,* 28 AD3d 519, 520 [2006]). Contrary to the plaintiff's contention, the prior written notice provision of Village Law § 6-628 is applicable to the location of her accident (see *Holmes v Town of Oyster Bay,* 82 AD3d 1047, 1048-1049 [2011]; *Malone v Town of Southold,* 303 AD2d 651, 652 [2003]; see generally *Groninger v Village of Mamaroneck,* 17 NY3d 125, 129 [2011]; *Woodson v City of New York,* 93 NY2d 936, 937 [1999]).

In light of the foregoing, the Village's remaining contention need not be reached.

Accordingly, the Supreme Court should have granted the Village's motion for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.