■ Dashana Williams, an Infant, by Her Mother and Natural Guardian, Jacqueline Williams, et al., Appellants, v City of New York, Respondent. [20 NYS3d 628]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Ash, J.), entered June 13, 2013, which, upon an order of the same court (Velasquez, J.) dated March 16, 2012, denying that branch of their motion which was pursuant to CPLR 3123 for a determination that the matters set forth in their notice to admit had been admitted by the defendant, an order of the same court (Ash, J.) dated December 7, 2012, denying their motion to strike the defendant's answer, and an order of the same court (Ash, J.) dated March 14, 2013, granting the defendant's cross motion for summary judgment dismissing the complaint, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

"Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained [sidewalk] unless either it has received prior written notice of the defect or an exception to the prior written notice requirement applies" (*Griesbeck v County of Suffolk*, 44 AD3d 618, 619 [2007]). The only recognized exceptions to the prior written notice requirement involve situations in which either the municipality created the defect through an affirmative act of negligence, or a special use confers a special benefit upon the municipality (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]).

Here, the defendant City of New York, which owned the property abutting the sidewalk where the infant plaintiff allegedly fell, established its prima facie entitlement to judgment as a matter of law by submitting evidence that it had no prior

written notice of the defect in the sidewalk which allegedly caused the infant plaintiff's injuries (*see* Administrative Code of City of NY § 7-201 [c]; *Yarborough v City of New York*, 10 NY3d at 728; *Amabile v City of Buffalo*, 93 NY2d at 474; *Rochford v City of Yonkers*, 12 AD3d 433 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact with regard to written notice or the applicability of any notice exception, including the City's alleged special use of the portion of the sidewalk where the injured plaintiff allegedly fell (*see Bogorova v Incorporated Vil. of Atl. Beach*, 51 AD3d 840, 841 [2008]).

Accordingly, the Supreme Court correctly granted the City's cross motion for summary judgment dismissing the complaint (*see De La Reguera v City of Mount Vernon*, 74 AD3d 1127, 1128 [2010]).

The plaintiff's remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.