■ CLAIRE GELLMAN et al., Appellants, v GLORIA COOKE, as Administrator of the Estate of VIRGINIA CERRITO, Deceased, Defendant, and CITY OF NEW YORK, Respondent. [51 NYS3d 549]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated February 24, 2015, as granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Claire Gellman (hereinafter the injured plaintiff) allegedly was injured when she tripped over a raised portion of a sidewalk in Brooklyn. The accident occurred in June 2009. Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this action against the defendant City of New York and another defendant. The City moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it did not have prior written notice of the allegedly defective condition. The plaintiffs, among other things, opposed the City's motion, arguing that the City

received notice of the allegedly defective condition by virtue of a notice of claim that was filed in connection with a different case in 1990. In the order appealed from, the Supreme Court, inter alia, granted the City's motion. We affirm insofar as appealed from.

"Administrative Code of the City of New York § 7-201 (c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (*Katz v City of New York*, 87 NY2d 241, 243 [1995]; *see Williams v City of New York*, 134 AD3d 809, 809 [2015]; *Cendales v City of New York*, 25 AD3d 579, 580 [2006]). Accordingly, "prior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City" (*Katz v City of New York*, 87 NY2d at 243; *see Hyland v City of New York*, 32 AD3d 822, 823 [2006]; *Estrada v City of New York*, 273 AD2d 194, 194 [2000]).

Here, the City established its prima facie entitlement to judgment as a matter of law by submitting proof that a search of its records revealed that it had not received any prior written notice of the allegedly defective condition (*see Krausch v Incorporated Vil. of Shoreham*, 87 AD3d 715, 716 [2011]; *Hyland v City of New York*, 32 AD3d at 823; *Rochford v City of Yonkers*, 12 AD3d 433, 433 [2004]; *cf. Martinez v City of New York*, 105 AD3d 1013, 1014 [2013]). In opposition, the plaintiffs failed to raise a triable issue of fact. "To satisfy a prior written notice statute, the notice relied upon by a plaintiff must not be too remote in time" (*Massey v City of Cohoes*, 35 AD3d 996, 996 [2006]; *see Martens v County of Suffolk*, 100 AD3d 839, 840 [2012]; *Silverio v City of New York*, 100 AD3d 543, 543 [2012]; *Dalton v City of Saratoga Springs*, 12 AD3d 899, 901 [2004]; *Busone v City of Troy*, 225 AD2d 967, 968 [1996]). Here, the plaintiffs' submission of a notice of claim, filed almost 19 years prior to the accident complained of, was insufficient to raise a triable issue of fact since it was too remote in time to constitute prior written notice within the meaning of Administrative Code of the City of New York § 7-201 (c) (*see Martens v County of Suffolk*, 100 AD3d at 840; *Silverio v City of New York*, 100 AD3d at 543; *Dalton v City of Saratoga Springs*, 12 AD3d at 901; *Busone v City of Troy*, 225 AD2d at 968; *cf. Massey v City of Cohoes*, 35 AD3d at 996). Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it.

In light of the foregoing, we need not reach the plaintiffs'

remaining contentions. Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.