■ LYUDMILA PUZHAYEVA, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant, and NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [58 NYS3d 92]—

In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated June 6, 2014, as granted the motion of the defendants New York City Transit Authority and Metropolitan Transit Authority for summary judgment dismissing the complaint insofar as asserted against them, and the defendant City of New York cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) the plaintiff appeals from an order of the same court dated July 30, 2015, which denied her motion for leave to renew and reargue her opposition to the motion of the defendants New York City Transit Authority and Metropolitan Transit Authority for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from so much of the order dated July 30, 2015, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Viola v Blanco*, 1 AD3d 506, 507 [2003]); and it is further,

Ordered that the order dated June 6, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that order dated June 6, 2014, is reversed insofar as cross-appealed from, on the law, and the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the order dated July 30, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The plaintiff allegedly was injured when she slipped and fell on a patch of ice while walking on the sidewalk to a subway station located on Kings Highway in Brooklyn. She commenced this action against the City of New York, the New York City Transit Authority (hereinafter the NYCTA), and the Metropolitan Transit Authority (hereinafter the MTA, and together with the NYCTA, the TA defendants), alleging that the dangerous icy condition was caused by construction on the tracks above that created runoff onto the sidewalk below. At her deposition, the plaintiff testified that she did not see water dripping from the overhead tracks and platform; however, she assumed that was how the patch of ice formed since she had seen similar conditions under other elevated platforms.

The TA defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the City separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order dated June 6, 2014, the Supreme Court granted the TA defendants' motion and denied the City's motion. The plaintiff then moved for leave to renew and reargue her opposition to the TA defendants' motion. In an order dated July 30, 2015, the court denied the plaintiff's motion. The plaintiff appeals from both orders, and the City cross-appeals from the order dated June 6, 2014.

As a general rule, "[l]iability for a dangerous or defective condition on property is . . . predicated upon ownership, occupancy, control or special use of the property . . . Where none is present, [generally] a party cannot be held liable for injuries caused by the dangerous or defective condition of the property" (*Noia v Maselli*, 45 AD3d 746, 746 [2007] [internal quotation marks omitted]; *see Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 298 [1988]). "[A]n owner owes no duty to warn or to protect others from a defective or dangerous condition on a neighboring premises, unless the owner had created or contributed to it" (*Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]; *see Gehler v City of New York*, 261 AD2d 506 [1999]; *Pensabene v Incorporated Vil. of Val. Stream*, 202 AD2d 486 [1994]; *Gipson v Veley*, 192 AD2d 826 [1993]).

Here, the evidence submitted in support of the TA defendants' motion demonstrated, prima facie, that the sidewalk where the plaintiff fell was owned by the City (*see Ruffino v New York City Tr. Auth.*, 55 AD3d 819, 820-821 [2008]). Furthermore, the TA defendants established, prima facie, that there was no construction taking place on the elevated tracks by the NYCTA on the date of the accident. In opposition, the

plaintiff's contention that the NYCTA created the dangerous condition was too speculative to raise an issue of fact (*see Wolin v Town of N. Hempstead*, 129 AD3d 833, 836 [2015]; *John v Tishman Constr. Corp. of N.Y.*, 32 AD3d 458 [2006]). Accordingly, the Supreme Court properly granted that branch of the TA defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the NYCTA.

Furthermore, the Supreme Court also properly granted that branch of the TA defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the MTA. The TA defendants demonstrated, prima facie, that the MTA was not the proper party to this action since the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility (*see Delacruz v Metropolitan Transp. Auth.*, 45 AD3d 482, 483 [2007]; *Cusick v Lutheran Med. Ctr.*, 105 AD2d 681, 681 [1984]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court erred in denying the City's motion for summary judgment. Administrative Code of the City of New York § 7-201 (c) "limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (*Katz v City of New York*, 87 NY2d 241, 243 [1995]; *see Gellman v Cooke*, 148 AD3d 1117, 1118 [2017]; *Williams v City of New York*, 134 AD3d 809, 809 [2015]; *Cendales v City of New York*, 25 AD3d 579, 580 [2006]). Accordingly, "prior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City" (*Katz v City of New York*, 87 NY2d at 243; *see Gellman v Cooke*, 148 AD3d at 1118; *Hyland v City of New York*, 32 AD3d 822, 823 [2006]; *Estrada v City of New York*, 273 AD2d 194, 194 [2000]). The only recognized exceptions to the prior written notice requirement involve situations in which either the municipality created the defect through an affirmative act of negligence, or a special use confers a special benefit upon the municipality (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). Neither exception is applicable here. "Transitory conditions present on a roadway or walkway such as debris, oil, ice, or sand have been found to constitute potentially dangerous conditions for which prior written notice must be given before liability may be imposed upon a municipality" (*Farrell v City of New York*,

49 AD3d 806, 807 [2008]; *see Min Whan Ock v City of New York*, 34 AD3d 542 [2006]; *Estrada v City of New York*, 273 AD2d at 194).

Here, the City established its prima facie entitlement to judgment as a matter of law by demonstrating, through a search of Department of Transportation records and maps submitted by the Big Apple Pothole and Sidewalk Protection Corporation, that it had not received written notice of the alleged dangerous condition (*see Lahens v Town of Hempstead*, 132 AD3d 954, 955 [2015]; *Fleisher v City of New York*, 120 AD3d 1390, 1391 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew, as she failed to provide a reasonable justification for the failure to present the allegedly new facts in opposition to the TA defendants' motion (*see Stratton Oakmont, LLC v Tomlinson*, 149 AD3d 790, 791 [2017]; *United Med. Assoc., PLLC v Seneca Ins. Co., Inc.*, 125 AD3d 959, 961 [2015]; *Jacobson v Adler*, 119 AD3d 902, 902 [2014]). In any event, consideration of the allegedly new facts would not have changed the court's prior determination (*see Stratton Oakmont, LLC v Tomlinson*, 149 AD3d at 791; *United Med. Assoc., PLLC v Seneca Ins. Co., Inc.*, 125 AD3d at 961; *Jacobson v Adler*, 119 AD3d at 902). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.