Meyers v Estate of Freer (2018 NY Slip Op 04175)





Meyers v Estate of Freer


2018 NY Slip Op 04175


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


645 CA 17-02156

[*1]TIMOTHY MEYERS, PLAINTIFF-RESPONDENT,
v
THE ESTATE OF CRAIG A. FREER, DECEASED, ET AL., DEFENDANTS, AND FRANCINE BUSSMAN, DEFENDANT-APPELLANT. 






LAW OFFICE OF VICTOR M. WRIGHT, ORCHARD PARK (VICTOR M. WRIGHT OF COUNSEL), FOR DEFENDANT-APPELLANT.
COLUCCI & GALLAHER, P.C., BUFFALO (ARI GOLDBERG OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Sara Sheldon, A.J.), entered July 5, 2017. The order, insofar as appealed from, denied the motion of defendant Francine Bussman for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action against various defendants seeking damages for injuries that he allegedly sustained in a physical altercation on premises owned by Craig A. Freer (decedent). Francine Bussman (defendant), who lived with decedent, moved for summary judgment dismissing the complaint against her. Supreme Court properly denied the motion.
" Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of [the] premises . . . The existence of one or more of these elements is sufficient to give rise to a duty of care' " (Weierheiser v McCann's Inc., 126 AD3d 1482, 1482 [4th Dept 2015]; see Puzhayeva v City of New York, 151 AD3d 988, 989 [2d Dept 2017]). Contrary to defendant's contention, we conclude that she failed to establish that none of those elements was present (see Weierheiser, 126 AD3d at 1482-1483; cf. Clifford v Woodlawn Volunteer Fire Co., Inc., 31 AD3d 1102, 1103 [4th Dept 2006]). The deposition testimony submitted in support of the motion established that defendant stayed at the cabin regularly, kept clothes, toiletries, and kitchen items there, invested money in it, and decorated it to her own tastes. Significantly, during her own deposition testimony, defendant referred to the cabin as "our home."
Defendant's further contention that she could not have reasonably foreseen the altercation is raised for the first time on appeal and thus is not properly before us (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court