Allen v City of New York (2018 NY Slip Op 05811)





Allen v City of New York


2018 NY Slip Op 05811


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-03027
 (Index No. 14890/13)

[*1]Larry Allen, respondent, 
v
City of New York, appellant, et al., defendant.


Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Janet L. Zaleon of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (Steven A. Levy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered January 5, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York is granted.
On July 7, 2012, the plaintiff allegedly fell from his bicycle when he rode into a pothole on Union Hall Street between 108th Avenue and 109th Avenue in Queens. The plaintiff subsequently commenced this action to recover damages for personal injuries against the defendants City of New York and the New York City Department of Transportation (hereinafter the DOT), alleging negligence. After joinder of issue and the filing of the note of issue, the defendants moved for summary judgment dismissing the complaint. By order dated January 5, 2017, the Supreme Court, among other things, denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the City. The City appeals from that portion of the order.
We disagree with the Supreme Court's determination denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City. Administrative Code of the City of New York § 7-201(c) "limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243; see Puzhayeva v City of New York, 151 AD3d 988; Gellman v Cooke, 148 AD3d 1117, 1118; Williams v City of New York, 134 AD3d 809, 809). Accordingly, "prior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City" (Katz v City of New York, 87 NY2d at 243; see Puzhayeva v City of New York, 151 AD3d at 988; Gellman v Cooke, 148 AD3d at 1118; Hyland v City of New York, 32 AD3d 822, 823; Estrada v City of New York, 273 AD2d 194, 194). The only recognized exceptions to the prior written notice requirement involve situations in which either the municipality created the defect through an affirmative act of negligence, or a special use confers a special benefit upon the municipality (see Yarborough v City of New York, 10 NY3d 726, 728; [*2]Amabile v City of Buffalo, 93 NY2d 471, 474). Special use is not alleged in this case.
In support of their motion, the defendants established the City's prima facie entitlement to judgment as a matter of law by demonstrating through, inter alia, DOT records, that the City did not have prior written notice of the condition alleged as required by the Administrative Code (see Groninger v Village of Mamaroneck, 17 NY3d 125, 125; Puzhayeva v City of New York, 151 AD3d 988; Conner v City of New York, 104 AD3d 637; Albano v Suffolk County, 99 AD3d 741; cf. Bruni v City of New York, 2 NY3d 319) and that the City did not affirmatively create the condition (see Gruska v City of New York, 292 AD2d 498). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City received prior written notice of the alleged condition. Although the plaintiff relied upon a map submitted by the Big Apple Pothole and Sidewalk Protection Corporation which had a straight line, indicating "[r]aised or uneven portion of sidewalk," in the area where the plaintiff's accident occurred, the map did not give the City prior written notice of the pothole condition alleged by the plaintiff (see D'Onofrio v City of New York, 11 NY3d 581; cf. Walker v Jenkins, 137 AD3d 1014). The plaintiff also failed to raise a triable issue of fact as to whether the City created the alleged condition through an affirmative act of negligence.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the City.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court