Amer v City of New York (2018 NY Slip Op 07403)





Amer v City of New York


2018 NY Slip Op 07403


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-06460
 (Index No. 771/15)

[*1]Dija Amer, appellant, 
v
City of New York, et al., respondents.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Aaron M. Bloom and Elizabeth I. Freedman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 19, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he stepped off the sidewalk in front of premises located on Union Avenue in Brooklyn, and into a rain-filled pothole in the street. Thereafter, the plaintiff commenced this action against the defendants, City of New York, New York City Department of Transportation (hereinafter DOT), and New York City Department of Sanitation, to recover damages for personal injuries, alleging negligence. The defendants moved for summary judgment dismissing the complaint on the ground, among others, that they did not receive prior written notice of the defect as required by section 7-201(c) of the Administrative Code of the City of New York. The Supreme Court granted the motion, and the plaintiff appeals.
"Administrative Code of the City of New York § 7-201(c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243; see Puzhayeva v City of New York, 151 AD3d 988, 990; Gellman v Cooke, 148 AD3d 1117, 1118; Williams v City of New York, 134 AD3d 809, 809). "[P]rior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City" (Katz v City of New York, 87 NY2d at 243; see Puzhayeva v City of New York, 151 AD3d at 990; Gellman v Cooke, 148 AD3d at 1118).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence that a search of, inter alia, DOT records revealed that they had not received any prior written notice of the allegedly defective condition (see Puzhayeva v City of New York, 151 AD3d at 991; Gellman v Cooke, 148 AD3d at 1118; Fleisher v City of New York, 120 AD3d 1390, 1391-1392). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants had prior written notice of the allegedly defective condition [*2]or whether an exception to the prior written notice requirement applies (see Gellman v Cooke, 148 AD3d at 1118).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court