Sada v City of New York (2019 NY Slip Op 00487)





Sada v City of New York


2019 NY Slip Op 00487


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-05001
 (Index No. 100978/14)

[*1]Monique Sada, appellant, 
v
City of New York, respondent.


Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael Zhu], of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Aaron M. Bloom and Tahirih M. Sadrieh of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated March 23, 2016. The order granted the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
On February 4, 2014, the plaintiff allegedly was injured when she stepped off the sidewalk into a water catch basin located on a street in Staten Island. She commenced this action against the City of New York to recover damages for personal injuries. The City moved for summary judgment dismissing the amended complaint on the ground, inter alia, that the City did not receive prior written notice of the alleged defect as required by section 7-201(c) of the Administrative Code of the City of New York. The Supreme Court granted the motion, and the plaintiff appeals.
Administrative Code of the City of New York § 7-201(c)(2) "limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243; see Puzhayeva v City of New York, 151 AD3d 988, 990; Gellman v Cooke, 148 AD3d 1117, 1118; Williams v City of New York, 134 AD3d 809, 809). "[P]rior written notice of a defect is a condition precedent which [a] plaintiff is required to plead and prove to maintain an action against the City" (Katz v City of New York, 87 NY2d at 243; see Puzhayeva v City of New York, 151 AD3d at 988; Gellman v Cooke, 148 AD3d at 1118).
The City established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, evidence that a search of New York City Department of Transportation records revealed that the City had not received any prior written notice of the allegedly defective condition (see Puzhayeva v City of New York, 151 AD3d at 991; Gellman v Cooke, 148 AD3d at 1118). In opposition, the plaintiff failed to raise a triable issue of fact (see Gellman v Cooke, 148 AD3d at 1118; Khemraj v City of New York, 37 AD3d 419, 420).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the City's motion for summary judgment dismissing the amended complaint.
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court