Cabrera v Port Auth. of N.Y. & N.J. (2020 NY Slip Op 03993)





Cabrera v Port Auth. of N.Y. & N.J.


2020 NY Slip Op 03993


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Gische, J.P., Kapnick, Webber, Kahn, González, JJ.


11833N 25303/15E

[*1] Kenia L. Cabrera, Plaintiff-Appellant-Respondent,
v
The Port Authority of New York and New Jersey, et al., Defendants-Respondents-Appellants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant-respondent.
Port Authority Law Department, New York (Cheryl N. Alterman of counsel), for respondents-appellants.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about April 15, 2019, which denied plaintiff's motion to set aside so much of a jury verdict that set the award for future pain and suffering at three years, and granted defendants' motion to set aside the verdict only to the extent of setting aside the damage verdict and ordering a new trial on damages, unanimously modified, on the law, to grant defendants' motion to set aside the jury verdict as to liability, the matter remanded for a new trial, and otherwise affirmed, without costs.
Plaintiff, an employee at a Dunkin Donuts franchise in LaGuardia Airport, was involved in an accident with a salt spreading truck operating in parking lot 10 of the airport during a snowfall. The trial court erred in truncating proof on the issue of whether lot 10 was public or private. This error then directly impacted whether the jury should have been charged with the recklessness standard as set forth in Vehicle and Traffic Law § 1103, or Vehicle and Traffic Law § 1163 (see also Groninger v Village of Mamaroneck, 17 NY3d 125 [2011]; Krausch v Incorporated Vil. of Shoreham, 87 AD3d 715 [2d Dept 2011]). The error in the charge warrants a new trial (see Reis v Volvo Cars of N. Am., 24 NY3d 35 [2014]).
The court also erred in precluding defendants' accident reconstructionist from testifying (compare Vinci v Ford Motor Co., 45 AD3d 335, 337 [1st Dept 2007]; Marsh v Smyth, 12 AD3d 307, 307-308 [1st Dept 2004]). The court's in limine inquiry of the expert concerning scientific studies was not relevant, as the subject of the testimony, accident reconstruction and perception reaction time are not novel scientific theories, such as to require a Frye hearing (see Obey v City of New York, 29 NY3d 958 [2017]; Thorne v Grubman, 40 AD3d 375 [1st Dept 2007]). The proposed expert testimony was based on evidence in the record concerning the accident, and was not entirely speculative (see generally Soto v New York City Tr. Auth., 6 NY3d 487, 494 [2006]). Similarly, defendants' notice of expert exchange was not insufficient such as to warrant his in toto preclusion. The remedy for any alleged failures in specificity could have been handled by limiting his testimony to the subject matters listed in the exchange (CPLR 3101[d]).
Plaintiff failed to preserve her argument that the jury's verdict was inconsistent, because it awarded future damages for a period of only three years, yet awarded twelve million dollars on that claim (see Lowenstein v Normandy Group, LLC, 51 AD3d 517, 518 [1st Dept 2008]). Nevertheless, in light of the excessive nature of the jury's award (e.g. Dacaj v New York City Tr. Auth., 170 AD3d 561 [1st Dept 2019]; Williams v City of New York, 105 AD3d 667 [1st Dept 2013]), the court properly ordered a new trial on damages. Retrial on damages is also necessary because defendants' expert medical witness was improperly barred from testifying on the issues of whether there was evidence of a traumatically induced injury, whether the surgeries undergone [*2]by plaintiff were necessary or appropriate, and whether he believed future surgery would be necessary.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK