Pisiak v City of New York (2020 NY Slip Op 04415)





Pisiak v City of New York


2020 NY Slip Op 04415


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2019-03272
 (Index No. 25463/11)

[*1]Danuta Pisiak, respondent, 
v
City of New York, appellant, et al., defendants.


James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and John Moore of counsel), for appellant.
William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 27, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff alleged that on June 9, 2011, at the southeast corner of the intersection of Newel Street and Nassau Avenue in Brooklyn (hereinafter subject location), she stepped from the sidewalk into the crosswalk and her foot became stuck in a three-to-four-inch-deep hole, causing her to fall and sustain injuries. The plaintiff commenced a personal injury action against the City of New York, among others. The City moved for summary judgment dismissing the complaint asserted against it. The Supreme Court denied the motion, and the City appeals.
Administrative Code of the City of New York § 7-201(c) "limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243; see Gellman v Cooke, 148 AD3d 1117, 1118). Accordingly, "prior written notice of a defect is a condition precedent which [a] plaintiff is required to plead and prove to maintain an action against the City" (Katz v City of New York, 87 NY2d at 243; see Gellman v Cooke, 148 AD3d at 1118).
Here, the City failed to establish, prima facie, that it lacked prior written notice of the alleged defect. In support of its motion, the City submitted records from two of its agencies, the Department of Transportation (hereinafter DOT) and the Department of Environmental Protection (hereinafter DEP), describing a hole or "cave in" in the pavement at the subject location. Among the records were three complaints regarding the hole received by DOT on January 29, February 5, and March 1, 2010. DEP records indicated that on March 4, 2010, the DEP "MADE AREA SAFE. BROKE OUT SUNK HOLE . . . . REBUILT 2 WALLS . . . . BACKFILLED SINK AREA TAMPERED, REUSED BASIN. . . . BACKFILLED AND BLACKTOPPED. JOB NEEDS HOT [*2]PATCH." DEP records revealed another report by DOT dated March 11, 2010, describing a "cave-in" at the subject location, with no indication that a repair was undertaken thereafter. Instead, DEP records contain a comment noting that a "[w]ork order has already been submitted for the repair." There is no record that the hot patch of the area was ever done, and consequently, the repair to the blacktop may not have been completed, leaving it vulnerable to greater wear and tear over the following year. Thus, the City failed to eliminate triable issues of fact as to whether the repair undertaken on March 4, 2010, was ever completed, and whether it received notice of the alleged defect on March 11, 2010, and failed to take remedial action (see Bruni v City of New York, 2 NY3d 319, 325-327; Llanos v Stark, 151 AD3d 836, 837; Kramer v Town of Hempstead, 284 AD2d 503).
In light of our determination, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The City's remaining contentions need not be addressed in light of our determination.
Accordingly, we agree with the Supreme Court's determination denying the City's motion for summary judgment dismissing the complaint asserted against it.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court