Minor v East Harlem Tutorial Program, Inc. (2020 NY Slip Op 05288)





Minor v East Harlem Tutorial Program, Inc.


2020 NY Slip Op 05288


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Gische, J.P., Oing, Singh, Mendez, JJ. 


Index No. 153262/2017 Appeal No. 11904 Case No. 2020-00457 

[*1]Jadeen Minor, Plaintiff-Respondent,
v
East Harlem Tutorial Program, Inc., et al., Defendants-Appellants.


Molod Spitz & DeSantis, P.C., New York (Marcy Sonneborn of counsel), for appellant.
Michael J. Aviles & Associates, LLC, New York (Barbaba Hutter of counsel), for respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about September 9, 2019, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The design defect raised in plaintiff's opposition to the motion was a new theory that was not sufficiently pleaded to avoid surprise or prejudice (see Biondi v Behrman, 149 AD3d 562, 563-564 [1st Dept 2017], lv dismissed in part and denied in part 30 NY3d 1012 [2017]). Regardless, defendants established prima facie that plaintiff's fall on a staircase in their building was not caused by negligence on their part (see e.g. Burke v Canyon Rd. Rest., 60 AD3d 558, 559 [1st Dept 2009]). Video surveillance footage and testimony show that, contrary to plaintiff's allegations, the staircase handrail was stable and in any event did not contribute to her fall. The video does not show that the handrail was loose, wobbly, or shaky. Rather, it shows that, as she descended the stairwell, plaintiff was distracted, missed a step, and lost her balance, and that she was holding onto the handrail the whole time. In opposition, plaintiff failed to raise an issue of fact. Her expert's opinion is speculative and conclusory and therefore without probative value (see e.g. Boatwright v New York City Tr. Auth., 304 AD2d 421, 421 [1st Dept 2003]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020