Lamorte v Iadevaia (2021 NY Slip Op 04126)





Lamorte v Iadevaia


2021 NY Slip Op 04126


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-14065
 (Index No. 609059/17)

[*1]Neil Lamorte, respondent, 
v
Rocco Iadevaia, appellant, et al., defendants.


Abamont & Associates (Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY [Kathleen D. Foley], of counsel), for appellant.
Reynolds, Caronia, Gianelli & LaPinta, P.C., Hauppauge, NY (Christopher J. Purcell and Christopher B. Abbott of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Rocco Iadevaia appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered December 4, 2019. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Rocco Iadevaia for summary judgment dismissing the complaint insofar as asserted against him is granted.
On June 5, 2016, the plaintiff allegedly sustained personal injuries when he tripped over a metal object embedded in a grass strip situated between the curb and the sidewalk abutting real property owned by the defendant Rocco Iadevaia (hereinafter the defendant) in the Village of Westbury. The plaintiff, while caused to trip, did not fall to the ground, as he was able to extend his arms onto the side of his wife's vehicle, which was parked parallel to the curb adjacent to the grass strip. In September 2017, the plaintiff commenced this personal injury action against the defendant and others. After discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him. In an order entered December 4, 2019, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.
The grass strip situated between a sidewalk and a roadway is part of the sidewalk (see Vehicle and Traffic Law § 144; Code of the Village of Westbury [hereinafter Village Code] § 215-2; Malone v Town of Southold, 303 AD2d 651, 652). "'An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty'" (Hanus v Long Is. Rail Rd., 186 AD3d 679, 680-681, quoting Romano v Leger, 72 AD3d 1059, 1059; see Hausser v Giunta, 88 NY2d 449, 452-453).
Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by demonstrating that he did not [*2]create the alleged dangerous condition or cause that condition through a special use of the sidewalk (see Noia v Maselli, 45 AD3d 746, 747). In addition, while Village Code § 215-12 imposes a duty on owners and occupants of abutting land to keep sidewalks free of obstructions, the Village Code does not specifically impose tort liability for breach of that duty (see Village Code §§ 215-12[A]; 215-73[A]; Bousquet v Water View Realty Corp., 161 AD3d 718). Although the defendant did not make an argument based on the provisions of the Village Code in support of his motion before the Supreme Court, his argument in this regard is reviewable on appeal because it is a purely legal argument that appears on the face of the record and could not have been avoided had it been raised at the proper juncture (see Zorin v City of New York, 137 AD3d 1116, 1117). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Bousquet v Water View Realty Corp., 161 AD3d at 719-720).
The parties' remaining contentions have been rendered academic by our determination.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court