Munoz v Rock Group NY Corp. (2021 NY Slip Op 06827)





Munoz v Rock Group NY Corp.


2021 NY Slip Op 06827


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, JJ. 


Index No. 21300/18E Appeal No. 14215 Case No. 2021-00462 

[*1]Jose Munoz, Plaintiff-Appellant,
v
Rock Group NY Corp. et al., Defendants-Respondents.


Pollack Pollack Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Roe & Associates, New York (Christine L. Fontaine of counsel), for respondents.



Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about February 5, 2021, which denied plaintiff's motion to strike the answer for failure to provide proper expert disclosure pursuant to CPLR 3101(d)(1), or to preclude defendants' biomechanical expert from testifying at trial, or to compel disclosure of all data, calculations, and reports generated and relied upon by the expert, unanimously modified on the facts, to grant the motion to the extent of compelling defendants, within 30 days of entry of this order, to provide the methodology the expert used to determine the forces of the accident and the biomechanical engineering principles he relied on in reaching his conclusion that the force generated by the accident could not have caused plaintiff's injuries, and otherwise affirmed, without costs.
The court providently exercised its discretion in denying plaintiff's motion either to strike defendants' answer or preclude defendants' biomechanical engineer's testimony at trial (see Louise v Hampton Jitney, Inc., 193 AD3d 514 [1st Dept 2021]; Rivera v New York City Hous. Auth., 177 AD3d 499 [1st Dept 2019]). At this stage of the proceedings, striking the answer or precluding the expert's testimony is too drastic a remedy (see Rutledge v Petrocelli Elec. Co., Inc., 309 AD2d 506 [1st Dept 2003]). This Court has accepted the reliability of expert testimony based on biomechanical engineering, and defendants' expert's qualifications to opine on that subject are not challenged (see Cabrera v Port Auth. of N.Y. & N.J., 185 AD3d 491, 492 [1st Dept 2020]). However, the lower court improvidently exercised its discretion in denying plaintiff's motion to compel as defendants provided no description of the methodology their expert used to determine the force of the accident and the biomechanical engineering principle he relied upon in reaching his conclusion that the force generated by the accident could not have caused plaintiff's injuries (see Dovberg v Laubach, 154 AD3d 810 [2d Dept 2017]; Carter v Isabella Geriatric Ctr., Inc., 71 AD3d 443 [1st Dept 2010]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021