In an action to foreclose a mortgage, the defendant Mary M. Lamberti appeals, as limited by her brief and as further limited by a stipulation dated February 12, 2013, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered March 12, 2012, as denied those branches of her motion which *688 were for leave to renew and reargue those branches of her prior cross motion which were, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (3) insofar as asserted against her for lack of standing, which had been denied in an order of the same court dated August 19, 2010.
Ordered that the appeal from so much of the order entered March 12, 2012, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order entered March 12, 2012, is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
In this action to foreclose a mortgage, the plaintiff Greenpoint Mortgage Corp. was the holder of a note and a mortgage when it commenced this action. Thereafter, the mortgage and the note were assigned several times, and subsequently were assigned to the plaintiff Plaza Equities, LLC (hereinafter Plaza) (see Greenpoint Mtge. Corp. v Lamberti, 94 AD3d 815 [2012]). The defendant Mary M. Lamberti cross-moved, among other things, to dismiss the complaint insofar as asserted against her, contending, inter alia, that Plaza lacked standing to pursue the action. In an order dated October 13, 2010, the Supreme Court denied Lamberti’s cross motion, and Lamberti moved for leave to renew and reargue her cross motion. In the order appealed from, the Supreme Court denied Lamberti’s motion for leave to renew and reargue.
As the Supreme Court correctly pointed out, Lamberti’s papers on her motion for leave to renew and reargue were insufficient, as they did not include a complete set of the papers originally submitted on her cross motion (see Biscone v JetBlue Airways Corp., 103 AD3d 158, 180 [2012]; cf. Fernald v Vinci, 13 AD3d 333, 334 [2004]). In any event, the Supreme Court did not improvidently exercise its discretion in denying that branch of Lamberti’s motion which was for leave to renew, as Lamberti failed to demonstrate that the additional facts she submitted would have changed the court’s determination denying those branches of her cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (3) insofar as asserted against her (see Jovanovic v Jovanovic, 96 AD3d 1019, 1020-1021 [2012]; Wells Fargo Bank, N.A. v Caro, 82 AD3d 880, 882 [2011]).
Lamberti’s remaining contentions are without merit.
Skelos, J.P, Balkin, Hall and Maltese, JJ., concur.