In an action, inter alia, to recover damages arising out of the alleged refusal of the defendant to allow the plaintiff to sell or sublease his cooperative apartment, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), entered September 23, 2014, which denied his motion, in effect, for leave to renew or reargue his opposition to the defendant’s motion for summary judgment dismissing the complaint, which had been granted in an order of the same court dated November 20, 2013.
Ordered that the appeal from so much of the order entered September 23, 2014, as denied that branch of the plaintiff’s motion which was, in effect, for leave to reargue, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order entered September 23, 2014, is affirmed insofar as reviewed, without costs or disbursements.
The plaintiff brought this action, inter alia, to recover damages alleging that the defendant, the cooperative corporation that owns the building in which the plaintiff’s cooperative apartment is located, refused to allow him to sell or sublease that apartment.
The defendant moved for summary judgment dismissing the complaint and, in an order dated November 20, 2013, the Supreme Court granted the motion. The court found that the defendant demonstrated its prima facie entitlement to judgment as a matter of law based on the terms of the proprietary lease, and that the plaintiff failed to raise a triable issue of fact in opposition to the motion.
Thereafter, the plaintiff moved, in effect, for leave to reargue or renew, averring, inter alia, that, as a pro se litigant, he did not understand the need to annex his exhibits to the papers he filed in opposition to the defendant’s motion. By order entered *1045 September 23, 2014, the Supreme Court denied the motion, and the plaintiff appeals.
Even if the plaintiff’s pro se status constituted a “reasonable justification for the failure to present such facts on the prior motion” as required on a motion for renewal (CPLR 2221 [e] [3]), the Supreme Court providently exercised its discretion in denying that branch of the plaintiff’s motion which was for leave to renew since the plaintiff failed to show that the “new facts” contained in the exhibits would have changed the court’s prior determination granting the defendant’s motion for summary judgment (CPLR 2221 [e] [2]; see Eskenazi v Mackoul, 92 AD3d 828, 828 [2012]; see also Cohen v Kings Point Tenant Corp., 126 AD3d 843, 845 [2015]; Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d 697, 699 [2013]).
Accordingly, the Supreme Court properly denied that branch of the plaintiff’s motion which was, in effect, for leave to renew.
Chambers, J.P., Austin, Roman and Duffy, JJ., concur.