■ ELEMER GALL, Also Known as CSABA GALL, Respondent, v FRANCES COLON-SYLVAIN et al., Defendants, and WELLS FARGO N.A., Appellant. [54 NYS3d 659]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant Wells Fargo N.A. appeals from (1) an order of the Supreme Court, Nassau County (Bucaria, J.), entered November 12, 2014, which granted the plaintiff's motion, in effect, for leave to renew his opposition to its prior motion pursuant to CPLR 3216 to dismiss for failure to prosecute, which was granted in an order of the same court entered May 23, 2012, and, upon renewal, in effect, vacated the prior determination and thereupon denied its motion, (2) an order of the same court entered November 18, 2015, which denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it and, upon searching the record, awarded summary judgment to the plaintiff on the complaint

insofar as asserted against it, and (3) a judgment of the same court entered January 15, 2016, which awarded the plaintiff compensatory damages in the principal sum of $100,000.

Ordered that the appeals from the orders entered November 12, 2014, and November 18, 2015, are dismissed, and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion, in effect, for leave to renew his opposition to the prior motion of the defendant Wells Fargo N.A. is denied, the order entered November 12, 2014, is modified accordingly, the order entered November 18, 2015, is vacated, and the amended complaint is dismissed insofar as asserted against the defendant Wells Fargo N.A.; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeals from the orders entered November 12, 2014, and November 18, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action against, among others, the defendant attorneys Anthony Michael Camisa and David M. Fish (hereinafter together the attorney defendants) and the defendant Wells Fargo N.A. (hereinafter Wells Fargo). The plaintiff alleged that the attorney defendants breached a duty to the plaintiff by failing to ascertain whether the signator on a deed of transfer had the authority to transfer on behalf of a corporation. The property at issue was a residential parcel owned by JJRG Enterprises, Inc. (hereinafter JJRG). The plaintiff was a 50% shareholder of JJRG and the other 50% was held by the defendant Joseph Grant. During the sales transaction, Grant represented himself to be the sole shareholder of JJRG. Camisa represented the purchaser-borrower as well as the lender on the transaction, Wells Fargo.

In an order entered May 23, 2012, the Supreme Court granted Wells Fargo's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute. However, following a nonjury trial against the attorney defendants, the court, in an order entered November 12, 2014, granted the plaintiff's motion, in effect, for leave to renew his opposition to Wells Fargo's prior motion pursuant to CPLR 3216, and, upon renewal, in effect, vacated the prior determination and thereupon denied its motion. Subsequently, in an order entered November 18, 2015, the court denied Wells

Fargo's motion for summary judgment dismissing the amended complaint insofar as asserted against it and, upon searching the record, awarded summary judgment to the plaintiff on the complaint insofar as asserted against it. Thereafter, a judgment was entered January 15, 2016, awarding the plaintiff compensatory damages in the principal sum of $100,000. Wells Fargo appeals from the orders entered November 12, 2014, and November 18, 2015, and from the judgment.

A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination and must also contain a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e]; *Prudence v White*, 144 AD3d 657, 657 [2016]; *Kamdem-Ouaffo v Pepsico, Inc.*, 133 AD3d 828, 829 [2015]; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 982 [2015]; *Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 586 [2012]).

Here, the Supreme Court should have denied the plaintiff's motion for leave to renew, since the newly submitted evidence would not have changed the prior determination (*see* CPLR 2221 [e] [2]; *Bank of N.Y. Mellon v Garrett*, 144 AD3d 621, 621 [2016]; *Arkin v 141-05 Pershing Realty Corp.*, 138 AD3d 1044, 1045 [2016]; *Kamdem-Ouaffo v Pepsico, Inc.*, 133 AD3d at 829). The new facts relied on, consisting of trial evidence, did not demonstrate that the plaintiff had a potentially meritorious cause of action against the defendant Wells Fargo. Even if Wells Fargo could be held liable for a breach of fiduciary duty by Camisa, the trial evidence did not establish that Camisa, who was the attorney for the purchaser and the lender, Wells Fargo, had any duty to act or give advice for the benefit of the plaintiff.

In light of the foregoing, the parties' remaining contentions have been rendered academic. Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.