Ghoneim v Vision Enters. Mgt., LLC (2018 NY Slip Op 06884)





Ghoneim v Vision Enters. Mgt., LLC


2018 NY Slip Op 06884


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-04894
 (Index No. 6153/10)

[*1]Zeinab Ghoneim, appellant, 
v
Vision Enterprises Management, LLC, et al., respondents.


Omrani & Taub, P.C. (Forde & Associates, Eastchester, NY [James L. Forde], of counsel), for appellant.
Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty, Gregory A. Cascino, Margaret Greco, and Kathryn Beer], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered March 1, 2016. The order denied the plaintiff's motion, in effect, for leave to renew and reargue her opposition to the defendants' motion for summary judgment dismissing the complaint, which had been granted in an order of the same court entered April 7, 2015.
ORDERED that the appeal from so much of the order entered March 1, 2016, as denied that branch of the plaintiff's motion which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered March 1, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On December 14, 2007, at approximately 7:00 a.m., the plaintiff allegedly slipped and fell on ice and snow on the sidewalk abutting the defendants' premises. She commenced this personal injury action against the defendants, alleging that they were negligent in clearing the sidewalk after a storm that occurred the previous day. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, finding that the defendants demonstrated that, pursuant to Administrative Code of the City of New York § 16-123(a), which requires building owners to clear ice and snow from an abutting sidewalk within four hours after the snow ceases to fall, excluding the hours between 9:00 p.m. and 7:00 a.m., they had no duty to clear the sidewalk until 10:20 a.m., which was several hours after the plaintiff's accident. The plaintiff moved, in effect, for leave to renew and reargue her opposition to the defendants' motion for summary judgment. In support of that branch of her motion which was for leave to renew, the plaintiff submitted the deposition testimony of a former employee of the defendants who witnessed the accident. The plaintiff argued that she was unable to present this evidence in opposition to the motion for summary judgment because the defendants deliberately delayed disclosing the identity [*2]of the witness until just before they made that motion. The plaintiff argued that the new facts raised triable issues of fact precluding summary judgment. The court denied the plaintiff's motion, and she appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Gall v Colon-Sylvain, 151 AD3d 701, 703). Here, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was for leave to renew her opposition to the defendants' motion for summary judgment. The newly submitted evidence would not have changed the prior determination (see CPLR 2221[e][2]; Gall v Colon-Sylvain, 151 AD3d at 703; Arkin v 141-05 Pershing Realty Corp., 138 AD3d 1044, 1045). The new facts relied on, consisting of the deposition testimony of the defendants' former employee, did not raise a triable issue of fact as to whether the defendants had a duty to clear the sidewalk prior to the plaintiff's accident or whether they created or exacerbated a dangerous condition by engaging in negligent snow removal efforts.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court