Phoenix Grantor Trust v Exclusive Hospitality, LLC (2019 NY Slip Op 03637)





Phoenix Grantor Trust v Exclusive Hospitality, LLC


2019 NY Slip Op 03637


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-06929
 (Index No. 710949/15)

[*1]Phoenix Grantor Trust, appellant, 
v
Exclusive Hospitality, LLC, et al., respondents, et al., defendants.


Windels Marx Lane & Mittendorf, LLP, New York, NY (Mark A. Slama and Ryan W. Federer of counsel), for appellant.
Cordova & Schwartzman, LLP, Garden City, NY (Jonathan B. Schwartzman and Debra L. Cordova of counsel), for respondents Exclusive Hospitality, LLC, Hiren Shah, Chandresh M. Patel, and Kaushek Patel.
Archer, New York, NY (Michael S. Horn of counsel), for respondents Vishnu Patel, Dineshchandra G. Patel, Mukesh I. Patel, Vikas B. Patel, Mauleshkumar Patel, Amrut Patel, Kanaiyalal K. Patel, Dilipkumar I. Patel, and Vikram G. Patel.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 22, 2017. The order denied the plaintiff's motion for leave to reargue and renew its prior motion for the appointment of a receiver for the subject real property, which had been denied in an order of the same court entered August 12, 2016.
ORDERED that the appeal from so much of the order entered March 22, 2017, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered March 22, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
In this mortgage foreclosure action, the Supreme Court denied a motion by the plaintiff for the appointment of a receiver for the subject real property. Thereafter, the plaintiff moved, inter alia, for leave to renew its prior motion for the appointment of a receiver, submitting new affidavits from individuals who were involved in different aspects of the underlying mortgage transaction and from the proposed receiver. The motion was opposed by the defendant mortgagor and other interested defendants. The court denied the motion, and the plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "The new [*2]or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586; see Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 982). " However, in either instance, a reasonable justification for the failure to present such facts on the original motion must be presented'" (Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891, quoting Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 586).
Here, we agree with the Supreme Court's determination that the information set forth in the new affidavits submitted in support of renewal was available at the time of the original motion, and the plaintiff knew or should reasonably have known of its relevance at that time. Moreover, the plaintiff failed to establish that the new evidence would have changed the prior determination (see e.g. 41st Rd. Props., LLC v Wang Real Prop., LLC, 164 AD3d 455, 458; Gall v Colon-Sylvain, 151 AD3d 701, 703; Bank of N.Y. Mellon v Garrett, 144 AD3d 621, 621).
Accordingly, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was for leave to renew.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court