Cripps v Dibisceglie (2019 NY Slip Op 04131)





Cripps v Dibisceglie


2019 NY Slip Op 04131


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-13230
 (Index No. 201974/04)

[*1]Robert A. Cripps, appellant, 
v
Lori Dibisceglie, respondent.


Robert A. Cripps, Merrick, NY, appellant pro se.
The Saul Law Firm, LLP, Garden City, NY (Gail B. Saul of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered May 16, 2007, the plaintiff appeals from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered November 1, 2016. The order denied the plaintiff's motion, in effect, for leave to reargue and renew his prior motion to modify an amended domestic relations order of the same court (Edward A. Maron, J.) entered October 6, 2009, which had been denied in an order of the same court (Hope Schwartz Zimmerman, J.) dated May 18, 2016.
ORDERED that the appeal from so much of the order entered November 1, 2016, as denied that branch of the plaintiff's motion which was, in effect, for leave to reargue his prior motion is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered November 1, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The parties were married on August 28, 1992. On December 4, 2006, after an action for a divorce and ancillary relief was commenced by the plaintiff, the parties entered into a stipulation of settlement which was incorporated but not merged into a judgment of divorce entered May 16, 2007. On October 6, 2009, the Supreme Court entered an amended domestic relations order (hereinafter the DRO) that directed the New York City Employees' Retirement System to pay the defendant her marital share of the plaintiff's pension pursuant to the Majauskas formula (see Majauskas v Majauskas, 61 NY2d 481, 489-491).
In May 2015, the plaintiff, acting pro se, moved, inter alia, to modify the DRO to exclude his salary increases, allegedly attributable to his postdivorce promotions, from the formula used to calculate the defendant's share of the plaintiff's pension benefits. In an order dated May 18, 2016, the Supreme Court denied the plaintiff's motion.
Thereafter, the plaintiff moved, in effect, for leave to reargue and renew his motion to modify the DRO. By order entered November 1, 2016, the Supreme Court denied the motion, and the plaintiff appeals.
We agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was, in effect, for leave to renew his motion to modify the DRO. A motion for leave to renew is addressed to the sound discretion of the Supreme Court (see Perlman v Perlman, 163 AD3d 730, 733; Biscone v JetBlue Airways Corp., 103 AD3d 158, 180). We agree with the court that the papers submitted by the plaintiff in support of his motion were insufficient, as they did not include copies of the underlying papers submitted on the prior motion, and one page of the order denying the prior motion was omitted (see Plaza Equities, LLC v Lamberti, 118 AD3d 687, 688; Biscone v JetBlue Airways Corp., 103 AD3d at 180). In any event, the court did not improvidently exercise its discretion in denying leave to renew, as the plaintiff did not offer any new facts that were unavailable to him at the time of the prior motion and which would have changed the court's prior determination denying his motion to modify the DRO (see CPLR 2221[e][2]; Perlman v Perlman, 163 AD3d at 733; Kamel v Mukhopady, 156 AD3d 688, 689; Arkin v 141-05 Pershing Realty Corp., 138 AD3d 1044, 1045; Plaza Equities, LLC, v Lamberti, 118 AD3d at 688; Matter of Leyberman v Leyberman, 43 AD3d 925, 926).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court